897 So.2d 198 (2004)
Donald MYERS a/k/a Donald M. Myers, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00218-COA.
Court of Appeals of Mississippi.
November 9, 2004.
Rehearing Denied January 11, 2005.
Certiorari Denied March 24, 2005.
*199 Donald Myers, pro se.
Office of the Attorney General by: Scott Stuart, attorney for appellee.
Before LEE, P.J., IRVING and GRIFFIS, JJ.
LEE, P.J., for the Court.

PROCEDURAL FACTS AND HISTORY
¶ 1. On January 21, 2000, Donald Myers pled guilty in the Harrison County Circuit Court to sexual battery based upon a charge that Myers ordered his victim at knife point to perform oral sex upon him. The trial court sentenced Myers to ten years, but suspended the sentence, instead ordering Myers to be on post-release supervision for three years.
¶ 2. The State requested Myers' probation be revoked on three separate occasions. After the third request, the trial court, finding that Myers admitted to violating the terms of his post-release supervision, revoked his probation and ordered him to serve the ten years in custody of the Mississippi Department of Corrections.
¶ 3. Myers then filed his petition for post-conviction relief on August 29, 2002. The trial court denied his request for relief on January 8, 2003. Aggrieved, Myers now appeals to this Court asserting the following issues: (1) he was denied effective assistance of counsel; (2) his guilty plea was involuntary; (3) he was not competent to enter a plea of guilty; and (4) his guilty plea must be vacated because he received an illegal sentence.

STANDARD OF REVIEW
¶ 4. In reviewing a trial court's denial of post-conviction relief, our standard of review is well settled. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).

DISCUSSION OF ISSUES

I. WAS MYERS DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 5. In his first issue, Myers argues that his attorney's assistance was ineffective. *200 To prove a claim of ineffective assistance of counsel, Myers must show (1) a deficiency of counsel's performance which is (2) sufficient to constitute prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Myers claims that his trial counsel coerced him into pleading guilty. Myers also contends that his trial counsel failed to interview witnesses, including the victim. However, Myers filed a petition to enter a plea of guilty. Prior to entering his guilty plea, Myers stated that his trial counsel had discussed the charge against him and all possible defenses. Myers also said that he was satisfied with his attorney's advice. Furthermore, Myers said he understood that his sentence could range anywhere from zero to thirty years and that he entered a guilty plea because he had committed the crime charged against him.
¶ 6. Myers's trial counsel also filed a certificate stating that he had explained all the matters in the indictment and the petition to Myers. Counsel said that he had informed Myers of possible sentences. Counsel also stated that he believed Myers was not only competent to enter the guilty plea but also did so voluntarily. Myers has failed to establish by any convincing evidence that his attorney's performance was deficient in any way. Therefore, we find no merit to this issue.

II. WAS MYERS'S GUILTY PLEA INVOLUNTARY?
¶ 7. In his second issue, Myers argues that his guilty plea was not entered into voluntarily. Specifically, Myers argues that he did not have a full understanding of the consequences of his plea. According to the Mississippi Supreme Court, if the defendant is advised regarding the nature of the charge and the consequences of the plea, then the plea is considered voluntary and intelligent. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
¶ 8. In the present case, the record reflects that Myers was informed of the charges against him and the possible sentence. The record also reveals that Myers admitted to committing the crimes charged. In light of the fact that Myers signed the petition stating that he understood the consequences of pleading guilty and that no one had made any representations to him regarding his sentence, we find Myers's argument that his plea was not voluntary to be without merit.

III. WAS MYERS COMPETENT TO ENTER A PLEA OF GUILTY?
¶ 9. In his third issue, Myers argues that he was incompetent to enter a plea of guilty. Myers claims that he had a mental disorder that affected his ability to understand the consequences of entering a guilty plea. Myers states that he was nervous, depressed, and confused and, therefore, he did not understand the proceedings against him.
¶ 10. In his order denying post-conviction relief, the trial court found that Myers had provided no substantive evidence regarding his alleged mental disorder or "that any such alleged disorder would have affected his ability to understand the consequences of entering a guilty plea to the charge against him." At Myers's sentencing hearing, his trial counsel stated that Myers's mental problem did not have "anything to do with his coming in here and pleading guilty for what he did." After noting that the trial judge had the benefit of a pre-sentence investigation, the trial court found this issue to be without merit. We cannot conclude that the trial court was clearly erroneous in his findings; thus, we find this issue to be without merit.

*201 IV. DID MYERS RECEIVE AN ILLEGAL SENTENCE?
¶ 11. In his last issue, Myers argues that, because he had prior felonies, the only legal sentence he could have received was thirty years without parole. Therefore, Myers claims that his sentence was unconstitutional and must be set aside. Myers argues that pursuant to Mississippi Code Annotated Sections 99-19-81 (Rev.2000) and 47-7-33 (Rev.2000), the trial court should have sentenced him to the maximum of thirty years. At the sentencing hearing, the trial court noted that according to the presentence investigation Myers had two prior felony convictions. However, there is no other evidence in the record pertaining to these prior felonies.
¶ 12. We note that Section 99-19-81 only applies to habitual offenders. Since Myers was not indicted as an habitual offender, this particular statute has no bearing in our determination.
Section 47-7-33 states, in pertinent part, the following:
(1) When it appears to the satisfaction of any circuit court or county court ... that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, ... shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided....
Myers specifically alleges that he was improperly induced into pleading guilty in return for a suspended sentence. According to Graves v. State, 822 So.2d 1089(¶ 11) (Miss.Ct.App.2002), a defendant's fundamental right of freedom from an illegal sentence is violated when the sentence imposes an undue burden on the defendant, such as when the offer induces a plea and the State later seeks to rescind the suspension solely because it was statutorily barred. See also Weaver v. State, 785 So.2d 1085 (Miss.Ct.App.2001) (the guilty plea was induced at least in part by a recommendation that some part of the sentence be suspended). In the case sub judice, Myers did not plead guilty as a result of an offer of a suspended sentence. Myers clearly understood that he could have received the maximum of thirty years. Myers benefitted from the illegal sentence since it was more lenient than he was actually entitled to receive. We cannot find that he suffered any fundamental unfairness from the illegal sentence, nor can we find his fundamental rights were violated. Graves, 822 So.2d at ¶ 8; McGleachie v. State, 800 So.2d 561(¶ 4) (Miss.Ct.App.2001); Chancellor v. State, 809 So.2d 700(¶ 8) (Miss.Ct.App.2001). This issue is without merit.
¶ 13. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., BRIDGES, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.