958 So.2d 1276 (2007)
Steve JEFFERSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00492-COA.
Court of Appeals of Mississippi.
June 26, 2007.
Steve Jefferson, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Steve Jefferson appeals the decision of the Marion County Circuit Court dismissing his petition for post-conviction collateral relief ("PCR"). Proceeding pro se, Jefferson asserts that the trial court committed reversible error by suspending part of his sentence and by sentencing him to house arrest. Additionally, Jefferson argues *1277 that he was denied effective assistance of counsel in that Jefferson's counsel misinformed him of the maximum sentence allowed for the charged crime. We are not persuaded by Jefferson's assignments of error; however, we find that the trial court committed plain error by sentencing Jefferson to a longer term of imprisonment than allowed by statute. Accordingly, we vacate Jefferson's sentence and remand for further proceedings consistent with this opinion.

FACTS
¶ 2. Steve Jefferson was indicted on May 5, 2004, by the Marion County Grand Jury for forging and presenting a bank check in the amount of $35 to a local grocery store. On July 8, 2004, Jefferson pled guilty to one count of uttering forgery. The Marion County Circuit Court entered its "Order of Conviction and Sentence" on July 15, 2004. That order provided, in pertinent part, as follows:
THEREFORE, for said offense and on said plea of guilty, and after consideration of a presentence investigation report, it is by the Court ORDERED AND ADJUDGED that the said STEVE JEFFERSON be and he is hereby sentenced to serve FIFTEEN (15) years in the custody of the Mississippi Department of Corrections. The defendant is to be placed immediately in the Therapeutic Community Drug and Alcohol Treatment Program with the Department of Corrections. Once the defendant has successfully completed the aforesaid Program, he is then to be released to serve the remaining balance of his FOUR (4) years in the Intensive Supervision House Arrest Program. Once the defendant has successfully completed the Intensive Supervision House Arrest Program then the remaining ELEVEN (11) years be SUSPENDED, pending successful completion of a FIVE (5) year period of post-release supervision, pursuant to Mississippi Code 47-7-34. The defendant shall receive credit for time served in the county jail on this charge to go towards the four year sentence.
¶ 3. According to Jefferson, he completed the Therapeutic Community Drug and Alcohol Treatment Program on February 24, 2005, a fact which is not disputed by the State. Jefferson admits further that he violated the terms of the house arrest program on June 15, 2005, although the specifics of that violation are not apparent from the record. In any event, Jefferson was remanded to the custody of MDOC to serve out the remainder of his fifteen-year sentence. Jefferson filed a "Petition for Post-Conviction Collateral Relief to Vacate and Set-Aside Illegal Suspended Sentence" on November 8, 2005. In that petition, Jefferson argued that, because of his prior felony convictions, the circuit court was not authorized to suspend any part of his sentence nor to allow him to serve any portion thereof under house arrest.
¶ 4. While acknowledging that Jefferson's "sentence . . . was illegal to the extent that [Jefferson] was given house arrest and he was not eligible for such program," the circuit nevertheless summarily dismissed Jefferson's petition by order filed on November 15, 2005, finding that a defendant is not entitled to relief when he receives a more favorable sentence than the law allows. Aggrieved by the decision of the circuit court, Jefferson filed his "Notice of Appeal," which was dated January 24, 2006, and stamped filed on February 2, 2006.

STANDARD OF REVIEW
¶ 5. The circuit court dismissed Jefferson's PCR pursuant to the summary dismissal procedure authorized by Mississippi *1278 Code Annotated section 99-39-11(2) (Rev. 2000). In Young v. State, 731 So.2d 1120, 1122 (¶¶ 6-9) (Miss.1999), the Mississippi Supreme Court explained the procedural posture of an appeal from summary dismissal of a motion for post-conviction relief and the standard of review to be applied in such contexts. For purposes of this appeal, we need not recite the supreme court's entire explanation. Instead, we find sufficient the Young court's pronouncement that, on review of a PCR summary dismissal, "as in a 12(b)(6) dismissal, this Court reviews the record de novo to determine whether [the appellant] has failed to demonstrate `a claim procedurally alive substantially showing denial of a state or federal right, . . .'" Id. at (¶ 9) (citations omitted).

DISCUSSION
¶ 6. Although not asserted by the State nor addressed by either party, we note, as a preliminary matter, that Jefferson's appeal appears to be untimely, as his "Notice of Appeal" was dated and stamped filed more than two months after the court's order dismissing Jefferson's PCR was entered. Rule 4(a) of the Mississippi Rules of Appellate Procedure requires a notice of appeal to be filed within thirty days of entry of the order or judgment appealed from; however, considering the unique circumstances presented by this case, we choose to exercise the discretion vested in us pursuant to Mississippi Rules of Appellate Procedure 2(c) and allow Jefferson's out-of-time appeal. See Vance v. State, 941 So.2d 225, 227 (¶ 6) (Miss.Ct.App. 2006); M.R.A.P. 4 cmt. (¶ 13). Accordingly, we find jurisdiction proper in this case, and we proceed to the merits of Jefferson's appeal.
¶ 7. Essentially, Jefferson's appeal raises two distinct issues. The first issue is based on the illegality of his sentence. More specifically, Jefferson asserts that, because of prior felonies on his record of which the trial court was aware, the trial judge was without authority to suspend any portion of his sentence and was without authority to place him under house arrest in lieu of being placed in the custody of MDOC. Second, Jefferson asserts that he received ineffective assistance of counsel when, prior to entry of Jefferson's guilty plea, his trial counsel incorrectly informed him that the maximum possible sentence for uttering forgery was ten years. For reasons that we will briefly discuss below, we find Jefferson's argument with respect to both issues to be without merit. However, on review of the entire record, we find that the trial court committed plain error by imposing a greater sentence than was authorized by the applicable statute. It is upon this plain error that we base our decision to vacate the judgment of sentence entered below and remand for resentencing.
1. Whether Jefferson's suspended sentence and/or sentence to house arrest was illegal and, if so, whether such illegality constitutes reversible error
¶ 8. To support his contention that the trial judge in this case erred by suspending part of his sentence, Jefferson points to Mississippi Code Annotated section 47-7-33(1) (Rev.2004) which allows a trial court, "except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion, . . . to suspend the imposition or execution of sentence, and place the defendant on probation. . . ." Because of Jefferson's undisputed prior felony convictions, Jefferson asserts that section 47-7-33(1) precluded the trial judge from suspending any portion of his sentence. Jefferson next argues that his placement in the Intensive *1279 Supervision House Arrest Program was illegal pursuant to Mississippi Code Annotated sections 47-5-1001 to 1015 (Rev. 2004).[1] In particular, section 47-5-1003 makes a defendant ineligible for the program where, among other disqualifying bases, "the defendant has been confined for the conviction of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof or has been convicted of a felony involving the use of a deadly weapon."
¶ 9. In ruling on Jefferson's PCR, the trial court found that Jefferson's sentence was illegal based on section 47-5-1003. According to the trial court, that section "sets forth the eligibility requirements for participation in the house arrest program and, based upon the prior felonies reported in [Jefferson's] pre-sentence report record . . ., the Court finds that [Jefferson] was not entitled to be placed on house arrest, his sentence was illegal." Nevertheless, the trial court dismissed Jefferson's PCR, reasoning that "[i]t is well-settled in Mississippi that when a Defendant is given an illegal sentence that is more favorable than what the legal sentence would have been then he/she is not later entitled to relief through a postconviction action." We agree.
¶ 10. Even assuming, without deciding, that the trial judge in this case imposed an illegal sentence upon Jefferson by suspending part of his sentence and/or by sentencing Jefferson to house arrest, we find that such error by the trial court does not require reversal of Jefferson's conviction or sentence. In Myers v. State, 897 So.2d 198, 201 (¶ 11) (Miss.Ct.App. 2004), we considered an argument identical to the one which Jefferson asserts in the instant case. There, the criminal defendant argued that, "because he had prior felonies, the only legal sentence he could have received was thirty years without parole. Therefore, [the defendant] claim[ed] that his sentence was unconstitutional and must be set aside." Id. In finding that the errors urged in Myers did not rise to the level of reversible error, we stated that "a defendant's fundamental right of freedom from an illegal sentence is violated when the sentence imposes an undue burden on the defendant, such as when the offer induces a plea and the State later seeks to rescind the suspension solely because it was statutorily barred." Id. at 201 (¶ 12) (citing Graves v. State, 822 So.2d 1089, 1092 (¶ 11) (Miss.Ct.App.2002); Weaver v. State, 785 So.2d 1085, 1088 (¶ 11) (Miss.Ct.App.2001)).
¶ 11. Because the defendant in Myers benefitted from the illegal sentence in that the sentence imposed was more lenient than the sentence to which he was entitled, we held that he did not suffer "any fundamental unfairness from the illegal sentence, nor [were] his fundamental rights [ ] violated." Id. (citing Graves, 822 So.2d at 1091 (¶ 8); McGleachie v. State, 800 So.2d 561 (¶ 4) (Miss.Ct.App. 2001); Chancellor v. State, 809 So.2d 700 (¶ 8) (Miss.Ct.App. 2001)). Similarly, because Jefferson benefitted from the allegedly illegal sentence imposed by the trial court in the case sub judice, we find any error committed by the trial court in imposing such illegal sentence to be harmless. See Sweat v. State, 912 So.2d 458, 461 (¶ 9) (Miss.2005) (adopting the holdings of this Court in finding that an error in sentencing is harmless error if it results in a more lenient sentence *1280 for the defendant); see also Hughery v. State, 915 So.2d 457, 459 (¶ 8) (Miss. Ct.App.2005) (stating that defendant cannot reap the favorable benefits of an illegal sentence and then claim prejudice as a result thereof); Cook v. State, 910 So.2d 745, 747 (¶ 10) (Miss.Ct.App.2005) (holding that "an individual may not plead guilty to a crime, receive a lesser sentence than what is prescribed by statute, and then use the more lenient sentence as a sword to attack the entire sentence as illegal"). Jefferson's argument to the contrary is without merit.
2. Whether Jefferson received ineffective assistance of counsel
¶ 12. Jefferson claims that his trial counsel misinformed him that the maximum sentence possible for the charge of uttering forgery was ten years in the custody of MDOC. In his "Petition to Enter Plea of Guilty," Jefferson stated that he knew "the possible sentence is two year(s) minimum to ten years maximum, imprisonment. . . ." Furthermore, the transcript of the plea colloquy reflects that the trial judge questioned Jefferson regarding Jefferson's knowledge of the possible sentence which could be imposed, and Jefferson responded that he knew the maximum possible sentence was ten years' imprisonment. At the sentencing hearing held one week later, the trial judge sentenced Jefferson to fifteen years in the custody of MDOC.[2] Accordingly, Jefferson asserts that he was prejudiced by his counsel's failure to inform him of the correct maximum sentence and that, therefore, his guilty plea was not knowingly, voluntarily, and intelligently made. We disagree for one very important reason: Jefferson's counsel was correct.
¶ 13. A successful claim of ineffective assistance of counsel requires a showing that counsel's performance was deficient in some respect and that this deficiency caused prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the instant case, Jefferson's sole claim of deficiency is that his trial counsel misinformed him that the maximum sentence for uttering forgery was ten years when it was actually fifteen years. According to Mississippi Code Annotated section 97-21-59 (Rev.2006), the punishment for uttering forgery is the same as "herein provided for forgery." The penalty for forgery in effect at the time Jefferson was sentenced is outlined in Mississippi Code Annotated section 97-21-33 (Supp. 2003), and provided that "[p]ersons convicted of forgery shall be punished by imprisonment in the Penitentiary for a term of not less than two (2) years nor more than ten (10) years. . . ."[3] According to section 97-21-33, Jefferson's counsel correctly informed Jefferson that the maximum sentence for uttering forgery was ten years imprisonment, and as such, counsel's performance was not deficient. The trial judge, however, incorrectly imposed a greater sentence upon Jefferson than was allowed by section 97-21-33. Although not raised by Jefferson in either his petition *1281 for post-conviction relief or in the appeal before this Court, we find that this error rises to the level of plain error.
3. Whether the trial court's imposition of a greater sentence than allowed by statute constitutes plain error
¶ 14. Jefferson did not assert error by the trial court in imposing a fifteen year sentence in either his petition for post-conviction relief or in this appeal. In fact, Jefferson apparently asserts the opposite: that the trial judge correctly imposed a fifteen year sentence and that his counsel mistakenly informed him that the maximum sentence was ten years. As discussed above, the version of section 97-21-33 in effect at the time Jefferson was sentenced set the maximum sentence for forgeryand by reference, uttering forgeryat ten years. Despite Jefferson's failure to raise this issue, we find that the imposition of a greater sentence than allowed by statute amounts to plain error.
¶ 15. Mississippi Rule of Appellate Procedure 28(a)(3) ordinarily restricts our review to those issues raised by the parties on appeal. However, Rule 28(a)(3) provides that "the court may, at its option, notice a plain error not identified or distinctly specified." In addition, Mississippi Rule of Evidence 103(d) permits review of "plain errors affecting substantial rights although they were not brought to the attention of the court." "According to the Mississippi Supreme Court, the reviewing court may address issues as plain error `when the trial court has impacted upon a fundamental right of the defendant.'" Moore v. State, 755 So.2d 1276, 1279 (¶ 9) (Miss.Ct.App.2000) (quoting Berry v. State, 728 So.2d 568, 571 (¶ 6) (Miss.1999)). "The right to be free from an illegal sentence has been found to be fundamental." Davis v. State, 933 So.2d 1014, 1022 (¶ 32) (Miss. Ct.App.2006) (quoting Ethridge v. State, 800 So.2d 1221 (¶ 7) (Miss.Ct.App.2001)).
¶ 16. Because the circuit court sentenced Jefferson to a greater sentence than was allowed by statute, we find plain error in the sentence imposed by the circuit court. Therefore, we vacate the sentence previously imposed and remand this matter to the Circuit Court of Marion County for a new sentencing hearing at which time the court may impose a sentence not to exceed ten years in accordance with section 97-21-33 of the Mississippi Code.
¶ 17. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED; THE JUDGMENT OF SENTENCE IN MARION COUNTY CIRCUIT COURT CAUSE NO. K04-0116E IS VACATED AND THIS CAUSE IS REMANDED FOR THE LIMITED PURPOSE OF RE-SENTENCING THE APPELLANT IN ACCORDANCE WITH SECTION 97-21-33 OF THE MISSISSIPPI CODE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
KING C.J., LEE AND MYERS P.JJ., IRVING, CHANDLER, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND GRIFFIS, JJ.
ROBERTS, J., Specially Concurring:
¶ 18. I concur in the majority's decision to remand this matter for proper sentencing. I agree that a plain error analysis is justified where one has been convicted of a sentence greater than the law authorizes. I also agree that Jefferson's ineffective assistance of counsel claim has no merit. In writing separately, I hope to provide *1282 the bench and the bar with further guidance regarding other legal deficiencies that appear in Jefferson's sentence.
¶ 19. First, however, it is important to note that Jefferson committed his act of forgery on June 1, 2003. At that time, the relevant minimum and maximum sentences for that act were two years and fifteen years, respectively. Miss.Code Ann. § 97-21-33 (Rev.2003). During the 2003 legislative session, the Mississippi legislature reduced the maximum sentence from fifteen years to ten years. The new law took effect on July 1, 2003.
¶ 20. The circuit court sentenced Jefferson on July 15, 2004. Therefore, after Jefferson committed his crime, but before he pled guilty and was sentenced, the legislature reduced the maximum sentence from fifteen years to ten years. Under those circumstances, the circuit court may not sentence a defendant to the greater punishment. Daniels v. State, 742 So.2d 1140(¶ 17) (Miss.1999).
¶ 21. Mississippi's post-conviction collateral relief act permits a challenge to the conviction on the grounds, among others, that (a) the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi and, (d) the sentence exceeds the maximum authorized by law. Miss.Code Ann. § 99-39-5 (Rev.2000). Jefferson claims a violation based on the first ground, albeit partially on a different basis than I will discuss hereafter. To have a full understanding of the parameters of Jefferson's sentence as rendered by the circuit court, it is essential to recite the sentencing order in its entirety. It reads as follows:
INTO OPEN COURT on July 8, 2004 came the Assistant District Attorney, who prosecutes for the State of Mississippi, and the defendant STEVE JEFFERSON, personally and represented by counsel HONORABLE MORRIS SWEATT, whereupon the Defendant was lawfully arraigned on a charge in this Court of UTTERING FORGERY. The Court, after full inquiry, determined that Defendant's plea of guilty complied with all the requirements of Rule 8.04 of the Uniform Rules of Circuit Court, and satisfied all of Defendant's additional legal and constitutional rights. The plea was accepted and the Court found Defendant guilty of said charge.
THEREFORE, for said offense and on said plea of guilty, and after consideration of a presentence investigation report, it is by the Court ORDERED AND ADJUDGED that the said STEVE JEFFERSON be and he is hereby sentenced to serve FIFTEEN (15) years in the custody of the Mississippi Department of Corrections. The defendant is to be placed immediately in the Therapeutic Community Drug and Alcohol Treatment Program with the Department of Corrections. Once the defendant has successfully completed the aforesaid Program, he is then to be released to serve the remaining balance of his FOUR (4) years in the Intensive Supervision House Arrest Program. Once the defendant has successfully completed the Intensive Supervision House Arrest Program then the remaining ELEVEN (11) years be SUSPENDED, pending successful completion of a FIVE (5) year period of post-release supervision, pursuant to Mississippi Code 47-7-34. The defendant shall receive credit for time served in the county jail on this charge to go towards the four year sentence.

The defendant is hereby ordered to pay a fine of $1000.00, pay an assessment of $1500.00 to Marion County for the Public Defenders Fund, pay restitution of $466.94 to Piggly Wiggly, Northgate *1283 Shopping Center, Attn: Pam Warren, Highway 13 North, Columbia, MS 39429 and pay all costs of court herein to be paid at the rate of $50.00 beginning one (1) month after being placed on the Intensive Supervision House Arrest Program. The specific provision of said sentence are fully set forth below:
Any period of incarceration imposed under said sentence is to be served in the custody of the Mississippi Department of Corrections under the provisions of Mississippi Code Section 47-5-138, as amended, and any portion of said sentence that is served under Post-Release Supervision is to be served under the provisions of Section 47-7-34 of the Mississippi Code of 1972, as amended.
Any period of incarceration imposed under said sentence in relation to the Intensive Supervision House Arrest Program is to be served in the custody of the Mississippi Department of Corrections under the provision of Mississippi Code Section 47-5-1001 through 1015, as amended.
IT IS ORDERED AND ADJUDGED that the Defendant shall comply with all terms and conditions of the Intensive Supervision Program as set forth in a separate document signed and agreed to by the Defendant herein. Defendant shall pay the sum of $50.00 per month as an administrative fee while on the Intensive Supervision Program commencing with the first regularly scheduled visit with the Mississippi Department of Corrections. Said fee is in addition to any payments made towards fines, costs and/or restitution.
Failure of the defendant to successfully complete the House Arrest Program, shall constitute a violation of this Order and shall result in the Mississippi Department of Corrections, without further order of this Court, to place the defendant into general population to serve said sentence which will include the remaining portion of the House Arrest Program that has not been served and the suspended portion of the original sentence. If ordered to be again incarcerated the defendant is to be given credit, if any, for time served on House Arrest.
The suspension of any portion of said sentence, whether under Post-Release Supervision, probation or otherwise, shall be subject to the following conditions:
Defendant shall:
(a) Commit no offense against the laws of this or any other state of the United States, or the laws of the United States;
(b) Avoid injurious or vicious habits and persons and places of disreputable or harmful character;
(c) Report to the Field Officer as directed;
(d) Permit the Field Supervisor (Probation officer) to visit the defendant at home or elsewhere;
(e) Work faithfully at suitable employment so far as possible;
(f) Remain within a specified area, to wit: State of Mississippi;
(g) Support his dependants, if any;
(h) Possess or consume no alcoholic beverages or mood altering drugs, and possess no firearm or other deadly weapon;
(i) Pay required fee during each month of probation, by money order, to the Mississippi Department of Corrections;
(j) Submit, as provided in Section 47-5-603 of the Mississippi Code of 1972, to any type of breath, saliva, or urine chemical analysis test, the *1284 purpose of which is to detect the possible presence of alcohol or substance prohibited or controlled by any law of the State of Mississippi or the United States, or to tests recommended by his Field Officer;
(k) Participate in any recognized program available and recommended by his Field Officer;
(l) Defendant shall pay his fines, restitution, assessment and costs at the rate of $50.00 per month[;].
(m) Defendant shall attend Alcoholics Narcotics Anonymous meetings at the direction of his Field Officer;
(n) Defendant may not be out in public after the hours of 11 o'clock p.m. until 6 o'clock a.m., unless it pertains to his employment.
The violation of any one of the above enumerated conditions shall violate the terms and conditions of the defendant's Post-Release Supervision and the Court shall have the authority to revoke the defendant from Post-Release Supervision and remand him back into custody of the Mississippi Department of Corrections to serve the revoked portion of his fifteen (15) year sentence.
The Court retains jurisdiction of this matter under Section 47-7-47 of the Mississippi code of 1972, as amended for the time permitted by applicable statutes and for the purpose of entry of any other or further order deemed appropriate herein by the Court should the defendant not qualify for the House Arrest Program, or does not pay monthly on his/her fines, assessment, restitution or costs. This Court shall relinquish any such jurisdiction should the defendant not complete the House Arrest Program and is placed in general population.
IT IS FURTHER ORDERED AND ADJUDGED that the defendant participate in a drug/alcohol program as recommended by the Mississippi Department of Corrections.
IT IS THEREFORE ORDERED AND ADJUDGED that as of this date, the Defendant is an inmate of the Mississippi Department of Corrections and under their supervision, control and custody.
SO ORDERED AND ADJUDGED on this the 15th day of July, 2004.
¶ 22. From the somewhat sparse record we have before us, it appears without question that Jefferson was a prior convicted felon who had served prison time when he stood before the circuit court on July 15, 2004. On October 24, 1990, he was convicted of forgery in the Marion County Circuit Court and was sentenced to five years. In 1993, Jefferson was convicted twice, both before the same court. On July 12, 1993 he was convicted of grand larceny, for which he received a five year sentence. On July 30, 1993, he received another felony forgery conviction. Again, he was sentenced to a five year sentence, to run concurrent with the five year sentence for grand larceny. On January 20, 1995, Jefferson received yet another felony forgery convictionagain by the same court. For that conviction, Jefferson was given a twelve year sentence. In 2002, Jefferson was convicted of a felony drug violation in Orlando, Florida and sentenced to two years.
¶ 23. No where in the plea colloquy does the circuit court ask Jefferson about his prior felony record. It appears that the district attorney chose to nol prosequi other forgery charges as well as a grand larceny charge. Otherwise, Jefferson's plea was "open" or "blind." However, at the sentencing hearing on July 15, 2004, the circuit court was quite aware that Jefferson had either five or six prior felony convictions. Neither the district attorney nor Jefferson's counsel voiced a position *1285 regarding their view of an appropriate sentence for Jefferson. At the conclusion of the hearing, the circuit court stated, "You'll get fifteen years with eleven years under the post-release section. You'll do the Intensive Drug and Alcohol Program. And then the balance of that on the four years incarceration will be under the house arrest program. That will be the sentence in your case."
¶ 24. Numerous deficiencies are readily apparent in Jefferson's sentencing order. Jefferson is a prior convicted felon who has served time. Pursuant to Section 47-7-33, sometimes referred to as the probation statute, if a defendant is a prior convicted felon, a circuit court may not suspend all or part of a sentence and place a defendant on probation. Miss.Code Ann. § 47-7-33 (Rev.2004). Further, Section 47-5-1003(2) of the Mississippi Code prohibits the placement of an offender on house arrest (intensive supervision placement) if he is a prior convicted felon who has served time. Miss.Code Ann. § 47-5-1003(2) (Rev.2004). What is more, the circuit court must find the offender to be "low risk." Miss.Code Ann. § 47-5-1003(1) (Rev.2004). Needless to say, classification of Jefferson as "low risk" with six prior felony convictions within fourteen years is quite a stretch.
¶ 25. The circuit court was free to utilize Mississippi Code Annotated § 47-7-34 (Rev.2004) if it believed that Jefferson needed an initial sentence of incarceration, suspension of part of his remaining sentence, and placement on post-release supervision. Recently, the supreme court discussed in quite some depth the various sentencing options available to circuit judges in cases such as Jefferson's. Johnson v. State, 925 So.2d 86 (¶ 39) (Miss. 2006).
¶ 26. The majority analyzes Jefferson's claim that he was illegally sentenced to house arrest and finds it unpersuasive because it is unlawfully lenient. The majority cites relevant case law supporting that claim. With all due respect for the majority, I do not find this authority persuasive nor applicable to Jefferson's situation.
¶ 27. The circuit court sentenced Jefferson to fifteen years in the custody of the MDOC. Clearly, as above discussed, that sentence was in excess of the maximum sentence permitted by law. The circuit court apparently attempted to utilize the earned probation statute at Mississippi Code Annotated § 47-7-47 (Rev.2004) to retain jurisdiction over Jefferson for the purpose of considering re-sentencing within the twelve months permitted by law. The record contains no order by the circuit court re-sentencing Jefferson under Section 47-7-47.
¶ 28. The circuit court made suspension of eleven years of Jefferson's sentence contingent upon successful completion of the house arrest program. Then, the circuit court authorized the MDOC to determine if Jefferson successfully completed house arrest. The order specifically provided:
Failure of the defendant to successfully complete the House Arrest Program, shall constitute a violation of this Order and shall result in the Mississippi Department of Corrections, without further order of this Court, to place the defendant into general population to serve said sentence which will include the remaining portion of the House Arrest Program that has not been served and the suspended portion of the original sentence.
Jefferson completed the alcohol and drug treatment portion of his sentence while in actual physical custody of an MDOC facility. Then, the MDOC placed Jefferson on house arrest pursuant to the circuit court's order. On June 15, 2005, Jefferson violated the conditions of his house arrest. Accordingly, *1286 Jefferson is now serving an entire fifteen year unlawful sentence. A persuasive argument exists that the sentence Jefferson actually received was not more lenient than any other lawful sentence he might have received, but was in fact more onerous. Beauty is, indeed, in the eye of the beholder.
¶ 29. It appears that the circuit court attempted to give the MDOC the authority to revoke Jefferson's eleven-year sentence suspension if Jefferson violated the terms of his house arrest during the time he was actually serving time in that capacity. This the circuit court cannot do. While on house arrest, Jefferson is an inmate under the exclusive jurisdiction of the department. See Babbitt v. State, 755 So.2d 406 (¶ 11) (Miss.2000). The MDOC's classification committee, rather than the circuit court, has the sole authority to consider a violation of the rules of the intensive supervision program. Jefferson remains subject to the MDOC classification process until the MDOC officially discharges him from his four-year sentence. Normally, he would receive a discharge certificate from MDOC upon his completion of his four year sentence. Miss.Code Ann. § 47-5-157 (Rev.2004).
¶ 30. Only thereafter, when Jefferson begins his post-release supervision, is he subject to the circuit court's authority. If he were to then violate any material term of his post-release supervision, the circuit court, after hearing, may revoke all or part of his suspended sentence. According to Mississippi Code Annotated § 47-5-1003(4) of the Mississippi Code, "The courts may not require an offender to complete the intensive supervision program as a condition of probation or post-release supervision." It appears that this is exactly what the circuit court did in this case. Jefferson simply cannot violate a condition of his suspended sentence or post-release supervision while he is actively serving his four-year sentence as an inmate. He cannot have his suspended sentence revoked for an act committed before he began his term of post-release supervision. Smith v. State, 742 So.2d 1146 (¶ 11) (Miss.1999). By way of analogy, if Jefferson had received a fifteen-year sentence, eleven years of that sentence suspended based on compliance with five years of post-release supervision, and then, while serving his first four years in custody, attempted escape or received a rule violation report (RVR), the circuit court would have no authority to revoke his suspension since his post-release supervision had not yet begun. The MDOC has exclusive jurisdiction over Jefferson while he is an inmate.
¶ 31. Additionally, the sentencing order provides that, if Jefferson fails "to successfully complete the House Arrest Program" that failure amounts to a violation of the sentencing order. Should that occur, the sentencing order directs the MDOC to "place [Jefferson] into general population to serve said sentence which will include the remaining portion of the House Arrest Program that has not been served and the suspended portion of the original sentence." Moreover, the order directs the MDOC to do so "without further order of [the circuit court]."
¶ 32. This conditional provision is problematic because the circuit court orders the MDOC to take two steps without a court order. First, the MDOC is to revoke Jefferson's ISP housing classification. That does not have due process implications. When a prisoner is taken off house arrest and placed in MDOC custody, that prisoner "merely experience[s] a change in his housing assignment and classification, which does not require a hearing since it does not involve a liberty interest." Brown v. Miss. Dep't of Corr., 906 So.2d 833 (¶ 6) (Miss.Ct.App.2004).
*1287 ¶ 33. However, the sentencing order also provides that, should Jefferson fail to complete the "House Arrest Program," he is to serve the suspended portion of his fifteen year sentence. This provision does have due process implications. The procedures for terminating post-release supervision are the same as the procedures for the revocation of probation. Miss.Code Ann. § 47-7-34(2) (Supp.2003); Massingille v. State, 878 So.2d 252 (¶ 7) (Miss.Ct. App.2004). As for the proper procedure incident to revocation of probation, one is entitled to "(a) a preliminary proceeding, in the nature of a probable cause hearing, to be held promptly after a probationer is detained for an alleged parole or probation violation, and (b) a more formal final revocation hearing at which the prisoner is afforded a number of constitutional protections as outlined in [Morrissey v. Brewer, 408 U.S. 471, 487-88, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)]." Rusche v. State, 813 So.2d 787 (¶ 7) (Miss.Ct.App.2002). To summarize, the order contained a provision that would have violated Jefferson's due process rights.
¶ 34. Finally, we are unable to find any specific statutory authority that would permit a circuit court to order that the MDOC place an offender in a drug or alcohol treatment program and then, upon completion, order him released to ISP status, probation, or post-release supervision. The courts do not manage MDOC inmates or operate the department of corrections. The MDOC commissioner is charged with the specific duty of "accepting adult offenders committed to it by the courts of this state for incarceration, care, custody, treatment, and rehabilitation, and to provide for the care, custody, study, training, supervision, and treatment of adult offenders committed to the department." Miss. Code Ann. § 47-5-10(a)(b) (Rev.2004) (emphasis added). Further, the commissioner is charged with planning, developing, and coordinating a statewide comprehensive correctional program designed to train and rehabilitate offenders in order to prevent, control and retard recidivism. Not only that, the commissioner is vested with the exclusive authority and responsibility for the management and control of the correctional system and for the proper care, treatment, feeding, clothing, and management of the offenders confined therein. Miss.Code Ann. § 47-5-23 (Rev.2004).
¶ 35. That being said, if a sentencing circuit court is convinced that an offender standing before the court seriously needs assistance with a drug addiction problem to reduce the probability of recidivism, the circuit court may certainly request or recommend to the MDOC that the offender receive short term, long term, or therapeutic drug and alcohol treatment while an inmate. The department should be quite receptive since it also has the statutory duty to cooperate with the courts to assist in fulfilling its responsibilities and duties to its inmates. Miss.Code Ann. § 47-5-10(o) (Rev.2004).
¶ 36. Having said more than enough, I am confident that, on remand, the circuit court can fashion a lawful sentence for Jefferson that serves Jefferson's individual needs, acts as an effective deterrent for his criminal conduct, and, at the same time, sufficiently protects society's interests.
CHANDLER AND GRIFFIS, JJ., JOIN THIS OPINION.
NOTES
[1] In his PCR, Jefferson did not specifically reference these provisions in asserting that his sentence to house arrest was illegal. However, the trial judge's determination that Jefferson's sentence to house arrest was illegal, as explained in the summary dismissal of Jefferson's PCR, was based on section 47-5-1003.
[2] As reflected in the portion of the sentencing order contained in paragraph two, above, eleven of those fifteen years were suspended with four years to be served under house arrest.
[3] Section 97-21-33 was amended effective July 1, 2003, well before Jefferson was sentenced on July 15, 2004. One of the effects of this amendment was to lower the maximum sentence for forgery from fifteen years to ten years. According to our supreme court, "when a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court must sentence according to the statute as amended." Daniels v. State, 742 So.2d 1140, 1145 (¶ 17) (Miss.1999).