# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01527-COA

**CHAD EDWARD SPIERS A/K/A CHAD E. SPIERS A/K/A CHAD SPIERS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/12/2017 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHAD EDWARD SPIERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/16/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Chad Edward Spiers, appearing pro se, appeals the Harrison County Circuit Court's denial of his motion for postconviction relief (PCR).  After review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In August 2015, Spiers pleaded guilty to credit-card fraud under Mississippi Code Annotated section 97-19-21 (Rev. 2014) and burglary under Mississippi Code Annotated section 99-19-81 (Rev. 2015).  He was sentenced to three years for credit-card fraud as a habitual offender and seven years, with three years suspended, for the burglary conviction. The sentences were to run consecutively followed by three years of postrelease supervision.

The sentencing order also stated that Spiers was to successfully complete a long-term drug and alcohol therapeutic program while in the custody of the Mississippi Department of Corrections (MDOC).

¶3. Spiers alleged that because he was in protective custody, he was not given the opportunity to participate in the long-term drug and alcohol therapeutic program. It appears that Spiers filed a grievance with the Administrative Remedy Program, pursuant to Mississippi Code Annotated sections 47-5-801 through 47-5-807 (Rev. 2015), stating that he wanted to be removed from protective custody and returned to general population. In September 2016, the MDOC responded to Spiers's grievance and informed him that they would review his placement back in the drug and alcohol program.

¶4. In May 2017, Spiers filed a PCR motion asking the circuit court to amend or otherwise change his sentence to eliminate required completion of the long-term drug and alcohol program. The circuit court denied the motion in October 2017. Spiers timely appeals.

**STANDARD OF REVIEW**

¶5. "We review the dismissal or denial of a PCR motion for abuse of discretion." *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). "We will only reverse if the trial court's decision is clearly erroneous." *Id*. "When reviewing questions of law, our standard is de novo." *Id*. "This court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Id*. (internal quotation marks omitted).

**DISCUSSION**

¶6.     Spiers asserts that the circuit court erred in denying his PCR motion because he cannot successfully complete the long-term drug and alcohol therapeutic program as "mandated" by this sentencing order.  Because neither the circuit court nor this Court has statutory authority to manage programs operated by the MDOC, we find Spiers's argument is without merit.

¶7.     Spiers was sentenced to the long-term drug and alcohol therapeutic program by the circuit court; however, the program is run exclusively by the MDOC.  *See* Miss. Code Ann. § 47-5-10 (Rev. 2015).   "The courts do not manage MDOC inmates or operate the department of corrections." *Jefferson v. State*, 958 So. 2d 1276, 1287 (¶34) (Miss. Ct. App. 2007).  Furthermore, this Court has held that "the commissioner is charged with planning, developing, and coordinating a statewide comprehensive correctional program designed to train and rehabilitate offenders in order to prevent, control and retard recidivism." *Id*.  "Not only that, the commissioner is vested with the exclusive authority and responsibility for the management and control of the correctional system and for the proper care, treatment, feeding, clothing, and management of the offenders confined therein." *Id*.; *see also* Miss. Code Ann. § 47-5-23 (Rev. 2015).  Therefore, we find no error in the circuit court's denial of Spiers's PCR motion citing that the courts did not manage MDOC inmates or operate the department of corrections.

¶8.     Spiers also requested that the circuit court allow him to participate in the drug and alcohol treatment program during postrelease supervision.  But, under Mississippi Code Annotated section 47-5-1003(4) (Rev. 2015), "[t]he courts may not require an offender to participate in the intensive supervision program during a term of probation or post-release

3

supervision." *See also Jefferson*, 958 So. 2d at 1286 (¶30).

¶9.     Further, we note that there is nothing within Mississippi Code Annotated section 99-39-1-119 (Rev. 2015) that would allow this Court to address Spiers's claim. Accordingly, we find this includes the long-term drug and alcohol therapeutic program under the exclusive supervision of the MDOC and find no abuse of discretion in the denial of Spiers's PCR motion.

¶10.    **AFFIRMED.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**