# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01567-COA

GARY HUNT                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                APPELLEE

DATE OF JUDGMENT:            08/30/2019
TRIAL JUDGE:                 HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:   LEFLORE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      GARY HUNT (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: SCOTT STUART
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 03/09/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     Gary Hunt was indicted for possession of a controlled substance in a correctional facility pursuant to Mississippi Code Annotated section 47-5-198(1) (Rev. 2011).  The Leflore County Circuit Court accepted Hunt's guilty plea to this offense in July 2012.  The circuit court sentenced Hunt to a term of seven years, with two years to serve in the custody of the Mississippi Department of Corrections (MDOC) followed by five years of post-release supervision (PRS).

¶2.     Hunt filed a motion for post-conviction relief (PCR) in July 2019, asserting his sentence was illegal because it was too lenient under the sentencing requirements of section 47-5-198(3), or, alternatively, his sentence was too harsh because he should have been

ordered to participate in a drug and alcohol rehabilitation program, rather than serving the sentence that the circuit court imposed. Hunt also asserted that he received ineffective assistance of counsel because his lawyer allowed him to plead guilty to an illegal sentence. The circuit court denied Hunt's PCR motion. We affirm for the reasons stated below.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

¶3. The Leflore County Circuit Court accepted Hunt's guilty plea to possession of a controlled substance in a correctional facility on July 2, 2012. The circuit court's sentencing order provided that Hunt's guilty plea was "knowingly, willingly, and voluntarily given." Hunt was sentenced to a term of seven years, with two years to be served in the custody of the MDOC followed by five years of PRS (Hunt's 2012 sentence). The circuit court's sentencing order also provided that the time Hunt was to serve in the instant cause was to run consecutively to the time Hunt was presently serving.

¶4. On April 11, 2017, the circuit court revoked Hunt's PRS, citing five PRS violations. The circuit court ordered Hunt to serve the remaining five years of his suspended sentence in the custody of the MDOC. A year later, Hunt was convicted again on an unrelated charge for possession of a controlled substance in a correctional facility. Hunt was sentenced to serve three years in the custody of the MDOC for that conviction.

¶5. On July 26, 2019, Hunt filed a PCR motion in the Leflore County Circuit Court, asserting that his 2012 sentence was illegal. Although the circuit court found that Hunt's 2012 sentence was more lenient than the law allowed—and, thus, illegal—the court also

found that because "Hunt's sentence was more favorable than what the legal sentence would have been, [Hunt] cannot claim prejudice as a result of receiving the illegal sentence." Accordingly, the circuit court found that Hunt's PCR motion was without merit and denied Hunt's motion in its order entered on August 30, 2019. Hunt appealed.

## STANDARD OF REVIEW

¶6. "This Court reviews the dismissal or denial of a PCR motion for abuse of discretion." *Carr v. State*, 291 So. 3d 1132, 1137 (¶16) (Miss. Ct. App. 2020). "'We will only reverse if the trial court's decision is clearly erroneous.'" *Id.* (quoting *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)). "Questions of law are reviewed de novo." *Id.*

## DISCUSSION

### I. Illegal Sentence

¶7. Under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), a defendant who has pleaded guilty and seeks relief under the Mississippi Uniform Post-Conviction Collateral Relief Act must file a PCR motion "within three . . . years after entry of the judgment of conviction." The circuit court sentenced Hunt on July 2, 2012, and the court's sentencing order was entered on that same day. Hunt filed his PCR motion on July 26, 2019, over four years too late. Hunt's PCR motion is time-barred unless he meets an exception to section 99-39-5(2).

¶8. In an effort to survive this procedural bar, Hunt asserts that his 2012 sentence was illegal because he was sentenced to serve only two years in the custody of the MDOC, with

3

five years of PRS, when the applicable statute required that he serve a minimum of three years in the custody of the MDOC and prohibited a suspended sentence. Apparently in the alternative, Hunt also asserts that his 2012 sentence was too harsh and thus "illegal" for reasons relating to his drug and alcohol addiction, as we detail below. In addressing these contentions, we recognize that a "fundamental-rights exception[] . . . expressly found to survive procedural bars . . . [includes] . . . the right to be free from an illegal sentence[.]" *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018). We therefore address Hunt's illegal sentence assertions on the merits.

¶9. Hunt pleaded guilty to possession of a controlled substance in a correctional facility pursuant to section 47-5-198(1). The punishment for this offense is set forth in section 47-5-198(3), which provides that a person violating this provision shall "be punished by imprisonment for not less than three (3) years nor more than seven (7) years; and the person is not eligible for probation, parole, suspension of sentence, . . . or any other reduction of sentence."

¶10. We find no merit in Hunt's assertions that his 2012 sentence (consisting of two years in the custody of the MDOC and five years of PRS) was too lenient and therefore "illegal" so as to constitute a violation of his fundamental rights. Specifically, we find that although Hunt's 2012 sentence did not conform to section 47-5-198(3), his sentence was more lenient than the law allowed. Given the sentence's more lenient terms, Hunt "did not suffer 'any fundamental unfairness from the illegal sentence, nor were his fundamental rights violated.'"

4

*Jefferson v. State*, 958 So. 2d 1276, 1279 (¶11) (Miss. Ct. App. 2007) (quoting *Myers v. State*, 897 So. 2d 198, 201 (¶12) (Miss. Ct. App. 2004)). Therefore, Hunt is not entitled to post-conviction relief on this basis.

¶11. This Court's decision in *Jefferson v. State* is instructive. There, the defendant (Jefferson) raised an argument similar to Hunt's argument, asserting that "because of prior felonies on his record . . . the trial judge was without authority to suspend any portion of his sentence and was without authority to place him under house arrest in lieu of being placed in the custody of MDOC." *Id.* at 1278 (¶7). Jefferson claimed that his sentence was therefore "illegal," and, according to Jefferson, the trial court judge erred in dismissing his PCR motion. *Id.*

¶12. Rejecting Jefferson's contention, this Court held that even assuming Jefferson's sentence was illegal, because the defendant "benefitted from the allegedly illegal sentence imposed by the trial court, . . . we find any error committed by the trial court in imposing such illegal sentence to be harmless." *Id.* at 1279 (¶11); *see also Williams v. State*, 4 So. 3d 388, 393 (¶18) (Miss. Ct. App. 2009) ("It is well settled in Mississippi that when a defendant is given an illegal sentence that is more favorable than what the legal sentence would have been, he is not later entitled to relief through a post-conviction relief action."); *Cook v. State*, 910 So. 2d 745, 747 (¶10) (Miss. Ct. App. 2005) ("[I]t is well established in Mississippi that an individual may not plead guilty to a crime, receive a lesser sentence than what is prescribed by statute, and then use the more lenient sentence as a sword to attack the entire

5

sentence as illegal."). In this case, Hunt was sentenced to spend five years of his seven-year sentence on PRS. His sentence was plainly more lenient than what a legal sentence would have been. As such, any purported error on the circuit court's part in imposing Hunt's sentence was harmless. We find that Hunt's assertions to the contrary are without merit.

¶13. Hunt also appears to assert, in the alternative, that he received "an illegally harsh sentence, not an illegally lenient one," because the circuit court "should have ordered [him] to long-term drug and alcohol [rehabilitation], anger management etc." rather than the sentence imposed. According to Hunt, "[his] obvious drug, alcohol[,] and mental health problems are causation for [him] being charged with a 'second offense' of [having a] controlled substance within a penal facility" after his PRS was revoked and he was sentenced to serve the remaining five years of his sentence. Hunt asserts that had he received the statutory minimum three years or maximum seven years at the outset, "either way he would be at home now[.]"

¶14. Based upon our review of the record, we find it devoid of any evidence supporting Hunt's assertions. Indeed, with respect to Hunt's assertion that had he been given a "legal" sentence in 2012 he "would be at home now" instead of facing a 2025 release date, we find that it is *contrary* to the information contained in record. The record shows that Hunt's 2025 release date reflects the additional three-year sentence he received on his subsequent November 2019 conviction. Hunt's 2012 PRS was revoked in April 2017. The circuit court sentenced Hunt to serve the remaining five years of his 2012 sentence in the custody of

6

MDOC. While in prison, Hunt committed the crime of possession of a controlled substance in a correctional facility on a second occasion. The circuit court ordered that Hunt serve an additional three years for that separate crime. Those two convictions resulted in Hunt serving a total of eight years (five years resulting from the PRS revocation and three years for the subsequent 2019 conviction). We reject Hunt's "illegally harsh sentence" contentions on the merits because they are unsupported by the record.

¶15. In sum, even if Hunt's 2012 sentence were "illegal" in any way, Hunt has failed to demonstrate that his fundamental rights were violated by the circuit court's imposition of that sentence. Accordingly, we find that Hunt's PCR motion is not excepted from the procedural time-bar under section 99-39-5(2) on this basis.

## II. Ineffective Assistance of Counsel

¶16. In his second assignment of error, Hunt asserts that he was denied effective assistance of counsel because his lawyer advised him to plead guilty to a sentence that did not conform to the applicable penalty statute (section 47-5-198(3)) and because his lawyer should have objected to the sentence the circuit court imposed. As we have addressed above, without an applicable exception, Hunt's PCR motion is time-barred under section 99-39-5(2). This Court has recognized that "procedural bars apply to ineffective-assistance-of-counsel claims," *Wood v. State*, 291 So. 3d 830, 838 (¶25) (Miss. Ct. App. 2020), but "in certain cases, 'an attorney's performance is so deficient and prejudicial to a defendant[] that it is deemed to be violative of the defendant's fundamental constitutional rights.'" *Id.* (quoting

7

*Hamberlin v. State*, 165 So. 3d 491, 494 (¶13) (Miss. Ct. App. 2015)). Accordingly, we address Hunt's ineffective-assistance-of-counsel claim on the merits.

¶17. "A successful claim of ineffective assistance of counsel requires a showing that counsel's performance was deficient in some respect and that this deficiency caused prejudice to the defendant." *Jefferson*, 958 So. 2d at 1280 (¶13) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "In the guilty plea context, as here, in order to eliminate the procedural bar, [Hunt] must 'establish that counsel's ineffective assistance caused him to enter his plea, and he would not have entered the plea but for counsel's incorrect advice.'" *Wood*, 291 So. 3d at 839 (¶26) (quoting *Moore v. State*, 248 So. 3d 845, 851 (¶14) (Miss. Ct. App. 2017)). Additionally, "a defendant's claims of ineffective assistance of counsel must be pled with specificity, and the claim must be supported by affidavits other than his own." *Id.* (quoting *Moore*, 248 So. 3d at 851 (¶15)). In particular, "[t]he supreme court has held that, in cases involving post-conviction relief, 'where a party offers only his affidavit, then his ineffective[-]assistance[-]of[-]counsel claim is without merit.'" *Parish v. State*, 203 So. 3d 718, 724 (¶25) (Miss. Ct. App. 2016) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)).

¶18. Based upon these principles and the circumstances before us, we find that Hunt's ineffective-assistance-of-counsel claim is without merit. As we have addressed above, Hunt was not prejudiced by the circuit court's imposing a more lenient sentence for his conviction of possession of a controlled substance while incarcerated. Further, the record reflects that

8

Hunt's ineffective-assistance-of-counsel allegations are supported only by his own affidavit. As such, we find that Hunt has not proved "any instance of deficiency on his lawyer's part that would constitute ineffective assistance of counsel of constitutional dimensions." *Wood*, 291 So. 3d at 839 (¶29). Wood's ineffective-assistance-of-counsel claim therefore fails.

¶19. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**