906 So.2d 833 (2004)
Hosa BROWN, Appellant,
v.
MISSISSIPPI DEPARTMENT OF CORRECTIONS, Appellee.
No. 2003-CP-02404-COA.
Court of Appeals of Mississippi.
December 14, 2004.
*834 Hosa Brown (Pro Se), attorney for appellant.
Office of the Attorney General by James M. Norris, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Hosa Brown, pro se, appeals the dismissal of his petition for writ of habeas corpus or in the alternative, for an order to show cause by the Sunflower County Circuit Court. Brown asserts the following issues on appeal, which are stated verbatim:
I. Whether due process rights was [sic] violated?
II. Whether M.D.O.C. is in violation of double jeopardy by issuing two sentences for the appellant to do; the remainder of the one year, and the suspended sentence time.

STATEMENT OF FACTS
¶ 2. On October 26, 1999, Brown pled guilty to possession of cocaine in the Circuit Court of Oktibbeha County. Brown was sentenced to ten years to be served, one year of house arrest under the intensive supervision program, four years supervised probation, and five years suspended. Brown's probation and suspended sentence were contingent upon the successful completion of one year in the intensive supervision program (ISP). On July 14, 2000, Brown was arrested for driving while intoxicated. Field Officer Marc McClure, with the Mississippi Department of Corrections (MDOC), cited Brown for two violations of the ISP, one violation for violating curfew and one for testing positive for alcohol. On July 15, 2000, the trial judge ordered Brown's termination from the ISP, and allowed the MDOC to place Brown in whatever facility it deemed appropriate to complete his sentence.
¶ 3. The MDOC Disciplinary Committee conducted a hearing and found Brown guilty of the two rule violations. The classification committee then changed his classification from a house arrest detainee to a detainee in the general prison population. Brown was held at a regional county jail until transported to the State Penitentiary. He then filed the appropriate grievances with the Administrative Remedy Program, which were denied. On March 20, 2003, Brown, through counsel, filed a petition for writ of habeas corpus or in the alternative, for an order to show cause, in the Circuit Court of Sunflower County. On April 17, 2003, the circuit court judge found the MDOC to have full and complete jurisdiction over Brown and his sentence and the court dismissed the case with prejudice.

ISSUES AND ANALYSIS

I.

Whether Hosa Brown's due process rights were violated.
¶ 4. Brown contends that his due process and equal protection rights were *835 violated when he was not given a hearing before the classification committee caused him to be placed among the general prison population to serve his ten year sentence. Brown also argues that the classification committee merely set forth conditions under which he was to complete the rest of his one year ISP sentence. As such, Brown argues that once he completed the one year sentence, MDOC could not lawfully detain him.
¶ 5. Brown's ten year sentence was never suspended by the sentencing court, but was contingent upon Brown's successful completion of one year in the ISP. When Brown committed the offense of driving under the influence of alcohol, which was in violation of the ISP, he was removed from the program pursuant to Mississippi Code Annotated Section 47-5-1003(3) which states:
any offender who violates an order or condition of the intensive supervision program shall be arrested by the correctional field officer and placed in the actual custody of the Department of Corrections. Such offender is under the full and complete jurisdiction of the department and subject to removal from the program by the classification committee.
MDOC had complete jurisdiction over Brown, and he was subject to removal from ISP by the classification committee. The classification committee had no jurisdiction over his sentence. Once the classification committee determined that Brown had violated the terms of ISP and removed him from the program, it was required to enforce the trial judge's original sentencing order.
¶ 6. Brown's due process rights were not violated by his removal from ISP. When Brown was taken off house arrest and placed in MDOC's custody, he merely experienced a change in his housing assignment and classification, which does not require a hearing since it does not involve a liberty interest. See Lewis v. State, 761 So.2d 922, 923 (¶ 3-4) (Miss.Ct.App.2000).
¶ 7. Accordingly, there is no merit to this issue.

II.

Whether Mississippi Department of Corrections is in violation of double jeopardy by issuing two different sentences.
¶ 8. Brown contends that he was unconstitutionally subjected to double jeopardy when he was taken off house arrest and sent to jail to serve the remainder of his one year and also had his entire ten year sentence imposed.
¶ 9. Brown's removal from the ISP and reclassification into the general prison population, as well as the imposition of his original sentence were administrative, not criminal proceedings. Administrative proceedings do not invoke the double jeopardy clause, Moore v. State, 461 So.2d 768, 770 (Miss.1984), and as such Brown was not unconstitutionally subjected to double jeopardy. Brown was not tried on the merits when the classification committee carried out the original ten year sentencing order of the court. Simply stated, "double jeopardy protections do not apply to suspension revocation hearings." McBride v. Sparkman, 860 So.2d 1237, 1240(¶9) (Miss.Ct.App.2003).
¶ 10. Brown, in his reply brief, alleges that MDOC is in error by not crediting his nine months served under house arrest towards his ten year sentence. MDOC argues that since Brown failed to successfully complete one year in the ISP, he must serve out his entire ten year sentence. However, MDOC does not address the issue of Brown receiving credit for the nine months he served while under house arrest except to acknowledge that Brown *836 raised the issue in his complaint to the circuit court. Nothing in the record indicates that Brown will not or did not receive credit for the nine months except for Brown's allegation, he may very well have received credit for the nine months.
¶ 11. Whether participating in the ISP or confined in a correctional facility, Brown was confined as a prisoner under the jurisdiction of the MDOC. See Lewis, 761 So.2d at 923 (¶ 15). Therefore, Brown is entitled to receive credit for the time spent in the intensive supervision program.
¶ 12. THE JUDGEMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.