ROBERTS, J.,
for the Court:
¶ 1. Eldridge Johnson appeals the Forrest County Circuit Court’s summary dismissal of Johnson’s motion for post-conviction relief. Johnson argues that the circuit court impermissibly sentenced him to a vague and indeterminate sentence. Finding that the circuit court erred when it sentenced Johnson in a manner that, for multiple reasons, cannot operate within the parameters of the law, we find that the circuit court erred when it summarily dismissed Johnson’s motion for post-conviction relief. Therefore, we reverse the judgment of the circuit court and remand this matter to the circuit court for further proceedings, if necessary, based on the State’s decision whether to pursue revocation proceedings, as discussed in further depth, below.
FACTS AND PROCEDURAL HISTORY
¶ 2. Johnson pled guilty to false pretense. On November 7, 2008, the Forrest County Circuit Court sentenced Johnson to ten years in the custody of the Mississippi Department of Corrections (MDOC). However, the circuit court also added the following language to Johnson’s order of conviction:
IT IS FURTHER ORDERED AND ADJUDGED that the Defendant shall serve two (2) years(s) in the custody of the Mississippi Department of Corrections Intensive Supervision House Arrest Program. Should the Defendant fail to successfully complete the service of said two (2) year(s) in the Intensive House Arrest Program, then this Court directs that the Defendant shall serve the entire ten (10) year sentence with the Mississippi Department of Corrections in the Department’s general population. Should the Defendant successfully complete the service of said two (2) year(s) in the Intensive House Arrest Program, the remaining eight (8) years of his ten (10) year sentence be and the same are hereby suspended pursuant to and in conformity with the Post-Release Supervision set out and authorized in Miss.Code Ann. § (1972), as amended, and Defendant shall he placed on Post-Release Supervision.
(Emphasis in original).
¶ 3. On December 3, 2009, Johnson filed a “motion to correct/modify sentencing order” in the Forrest County Circuit Court. Within his motion, Johnson stated that he had gone before the MDOC’s classification committee based on the allegation that he had violated the terms of the intensive supervision program (ISP) — colloquially known as house arrest. Johnson further stated that the MDOC classification committee informed him that “per order of the [circuit court] he was to serve the entire ten ... years [sic] sentence in the [MDOC].” Johnson reasoned that the circuit court impermissibly required that he complete the ISP as a condition of his term of post-release supervision.
*1154 ¶ 4. The circuit court treated Johnson’s motion as a motion for post-conviction relief. The circuit court stated that, as seen in the order of conviction, “the [ISP] was not a condition of Johnson’s post-release supervision.” Accordingly, the circuit court summarily dismissed Johnson’s motion. Aggrieved, Johnson appeals.
STANDARD OF REVIEW
¶ 5. A circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief....” Miss.Code Ann. § 99-39-11(2) (Rev.2007). We will affirm the circuit court’s summary dismissal of a PCR motion if, after reviewing the PCR motion de novo, we conclude that the petitioner has failed to “demonstrate ⅛ claim procedurally alive substantially showing denial of a state or federal right....’” Ivory v. State, 999 So.2d 420, 424 (¶ 9) (Miss.Ct.App.2008) (quoting Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999)).
ANALYSIS
¶ 6. Johnson does not attack the MDOC Classification Committee’s decision to remove him from the ISP. Instead, Johnson attacks the sentence imposed by the circuit court. Consequently, Johnson’s motion for post-conviction relief is subject to review. See Miss.Code Ann. § 99-39-5 (Rev.2007). We are also mindful that “[a]n argument that the sentence violates [the] law, either because it is clearly erroneous or because it is unredeemably ambiguous or incomplete, would be proper under the post-eonviction[-]relief procedures.” Burns v. State, 933 So.2d 329, 331 (¶ 8) (Miss.Ct.App.2006). Johnson’s specific claim is that the circuit court’s sentence was illegally vague and indeterminate. During Johnson’s two-year sentence to the ISP, he was under the full and complete jurisdiction of the MDOC, subject to reclassification to custody status if he violated the rules and guidelines of the ISP. Mississippi Code Annotated section 47-5-1003(3) (Rev.2004) provides:
To protect and to ensure the safety of the state’s citizens, any offender who violates an order or condition of the [ISP] shall be arrested by the correctional field officer and placed in actual custody of the [MDOC]. Such offender is under the full and complete jurisdiction of the department and subject to removal from the program by the classification hearing officer.
See also Babbitt v. State, 755 So.2d 406, 409 (¶ 11) (Miss.2006). Johnson claims that his re-classification from ISP status to custody status by the MDOC classification hearing officer effectively terminated the circuit court’s eight-year conditional sentence to post-release supervision under Mississippi Code Annotated section 47-7-34 (Rev.2004). After careful consideration, we agree.
¶ 7. There are two reasonable but mutually exclusive ways to interpret the circuit court’s sentence: (A) at the time the circuit court sentenced Johnson, it sentenced him to ten years with the possibility of later having eight years suspended if the MDOC found that Johnson had satisfactorily completed the ISP; or (B) at the time the circuit court sentenced Johnson, it suspended eight years of Johnson’s ten-year sentence and made Johnson’s successful completion of the ISP one of the conditions of Johnson’s suspended sentence. The uncertainty is based on the circuit court’s conditional suspension of Johnson’s sentence based on the undetermined — at least at the time Johnson was sentenced — outcome of whether he completed two years in the ISP. For multiple reasons, the cir *1155 cuit court’s sentence cannot operate within the parameters of the law.
¶ 8. First, the circuit court did not retain sentencing authority over Johnson, and even if it had attempted to retain sentencing authority over him, it could have only done so for one year pursuant to Mississippi Code Annotated section 47-7-47(2)(a) (Rev.2004), which states that a sentencing court may:
upon its own motion, acting upon the advice and consent of the commissioner not earlier than thirty (30) days nor later than one (1) year after the defendant has been delivered into the custody of the [MDOC], to which he has been sentenced, suspend the further execution of the sentence and place the defendant on earned probation....
Without retention of sentencing jurisdiction pursuant to section 47-7-47, the circuit court’s authority to modify Johnson’s sentence terminated at the expiration of the term of court. Miss. Comm’n on Judicial Performance v. Russell, 691 So.2d 929, 944 (Miss.1997). See also Denton v. Maples, 394 So.2d 895, 898 (Miss.1981) (holding “the only time a trial judge can suspend a sentence is immediately after the defendant is convicted and at the time the trial judge announces and imposes sentence.”) Accordingly, the circuit court lacked the authority to defer the question of suspension of part of Johnson’s sentence to a later date past the term of court and conditioned on an event that may or may not occur in the future.
¶ 9. The dissent finds that the circuit court’s failure to retain sentencing jurisdiction over Johnson was not fatal to Johnson’s sentence. According to the dissent, the circuit court intended for the suspension of Johnson’s sentence to be “self-executing.” With utmost respect for the dissent, Johnson’s sentence could not be “self-executing.” At the precise moment that the circuit court sentenced Johnson, was Johnson sentenced to two years in the ISP with eight years suspended or was Johnson sentenced to ten years in the custody of the MDOC? The dissent concludes that the circuit court “clearly” sentenced Johnson to ten years in the custody of the MDOC. However, at the time the circuit court sentenced Johnson, it is only through clairvoyance, not clarity, that one could conclude that the circuit court sentenced Johnson to ten years in the custody of the MDOC, because the outcome determinative feature of Johnson’s sentence— whether he completed two years in the ISP — had not yet occurred.
¶ 10. If the dissent’s interpretation of Johnson’s sentence is correct, then the circuit court’s “self-executing” order would have allowed the circuit court to conditionally suspend Johnson’s sentence after the time that the circuit court actually sentenced Johnson. As mentioned, because the circuit court did not retain sentencing jurisdiction over Johnson, the circuit court could not “automatically” suspend Johnson’s sentence two years after the fact. The dissent’s interpretation would allow the circuit court to circumvent the statutory limitation that a circuit court “shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.” Miss. Code Ann. § 47-7-33 (Rev.2004); McGee v. State, 976 So.2d 954, 956 (¶ 12) (Miss.Ct. App.2008). To the extent that Brown v. State, 906 So.2d 833 (Miss.Ct.App.2004) contradicts this principle of law, Brown is hereby overruled.
¶ 11. If the dissent is correct that a circuit court has the power to issue ambiguous “self-executing” sentencing orders, by extension, circuit courts would have the authority to make the payment of fines a condition of receiving a suspended sentence. For example, under the dissent’s *1156 reasoning, a circuit court would have the authority to sentence a defendant to fourteen years in the custody of the MDOC with seven years to be suspended if a defendant paid a $125,000 fine by a certain future date. However, the Mississippi Supreme Court has explicitly held that such sentences are impermissibly indefinite and therefore in violation of section 47-7-33. Arnett v. State, 532 So.2d 1003, 1013 (Miss.1988).
¶ 12. According to the dissent, the circuit court’s failure to retain sentencing jurisdiction over Johnson is moot. The dissent relies on Ivory v. State, 999 So.2d 420, 429 (¶ 27) (Miss.Ct.App.2008) to support its position. However, the dissent fails to mention that the sentencing court in Ivory actually retained sentencing jurisdiction over the inmate in that case. Id. at 426 (¶ 13). The sentencing court in Ivory merely omitted language that would have made it necessary for the inmate to reappear before the sentencing court when it exercised its retained sentencing jurisdiction for one year. Id. at 429 (¶ 27). Unlike the circuit court in this case, the sentencing court in Ivory properly retained sentencing jurisdiction.
¶ 13. Additionally, allowing suspension of Johnson’s sentence after the circuit court no longer had the authority to do so would permit the circuit court to imper-missibly attempt to delegate its authority to suspend part of Johnson’s sentence. Circuit courts have exclusive authority regarding the sentencing of individuals who have been convicted of a felony. Miss. Code Ann. § 9-7-91 (Rev.2002). The Mississippi Constitution sets forth that the powers of the three separate branches of government of the State of Mississippi are divided into three distinctly separate departments: legislative, executive, and judicial. Miss. Const, art. 1, § 1.
¶ 14. The MDOC is a statutorily created body that is “under the policy direction of the governor.” Miss.Code Ann. § 47-5-8(1) (Rev.2004). Accordingly, the MDOC is part of the executive branch of the government, and the MDOC is not authorized to usurp authority that clearly lies with the judicial branch of the government. Consequently, the circuit court may not delegate its sentencing authority, including the authority to suspend a sentence, to the MDOC.
¶ 15. Furthermore, by operation of the circuit court’s sentence, Johnson was denied his constitutional rights incident to revocation of a suspended sentence. Johnson has constitutionally protected due-process rights to a hearing before the circuit court prior to the revocation of his suspended sentence. Gagnon v. Scarpelli, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Mississippi Code Annotated section 47-7-37 (Supp.2009) codifies the minimum due-process requirements applicable to probation-revocation procedures that were mandated by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 487-88, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and in Gagnon, 411 U.S. at 781-82, 93 S.Ct. 1756. Riely v. State, 562 So.2d 1206, 1209-12 (Miss.1990). The procedures for revocation of post-release supervision and recom-mitment of an offender to a correctional facility must be “conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.” Miss.Code Ann. § 47-7-34(2) (Rev.2004). After the final revocation hearing, the court “may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.” Miss.Code Ann. § 47-7-37.
*1157 ¶ 16. However, only a court has the authority to revoke probation or post-release supervision under section 47-7-37. Grace v. State, 919 So.2d 987, 989 (¶ 8) (Miss.Ct.App.2005). Likewise, only a court may revoke a suspended sentence. Miss. Code Ann. § 47-7-37. It follows that the MDOC has no such authority. Johnson did not go before the circuit court for a revocation hearing. Instead, the MDOC effectively revoked Graham’s suspended sentence without affording him his due process rights to a revocation hearing and required that he serve his entire ten-year sentence, including the eight-year term that may or may not have been suspended.
¶ 17. Based on the circuit court’s failure to retain sentencing jurisdiction pursuant to section 47-7-47, its implied attempt to impermissibly delegate its authority to suspend part of Johnson’s ten-year sentence, and the fact that Johnson did not have a revocation hearing, the circuit court’s sentence is impermissibly indeterminate. We have held that where “a [defendant is given an illegal sentence that is more favorable than what the legal sentence would have been, then he/she is not later entitled to relief through a post-conviction action.” Jefferson v. State, 958 So.2d 1276, 1279 (¶ 9) (Miss.Ct.App.2007). However, so interpreted, Johnson’s sentence is not impermissible because it is illegally lenient. Rather, such an interpretation of his sentence renders it impermis-sibly vague, indeterminate, and indefinite because it conditionally suspended part of Johnson’s sentence after the circuit court had lost its sentencing jurisdiction; imper-missibly delegated the decision of whether part of Johnson’s sentence would be suspended to an agency of the executive branch of the government; and denied Johnson his due-process right to appear before the circuit court to determine whether he had violated the conditions of his suspended sentence.
¶ 18. Based on the matters discussed above, we find such an interpretation of the circuit court’s sentence is illegally vague and indeterminate. The other reasonable interpretation of the circuit court’s sentencing order is that, when the circuit court sentenced Johnson, the circuit court suspended eight years of Johnson’s ten-year sentence and made successful completion of the ISP a condition of Johnson’s suspended sentence. We choose this interpretation of the circuit court’s sentencing order. We believe that the intent of the circuit court at initial sentencing was to suspend eight years of Johnson’s ten-year sentence. A condition of that suspension and placement on post-release supervision for eight years was for Johnson to satisfactorily complete the ISP as determined by the circuit court.
¶ 19. As previously stated, the circuit court has not afforded Johnson a revocation hearing to determine whether he had violated a condition of the eight-year suspended portion of his sentence. Accordingly, we remand this matter to the circuit court so the circuit court or the State, if it so chooses, may initiate proper proceedings for the revocation of Johnson’s eight-year suspended sentence.
¶ 20. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., GRIFFIS, P.J., CARLTON AND RUSSELL, JJ„ CONCUR. MAXWELL, J., CONCURS IN RESULT ONLY. BARNES, J., DISSENTS WITH *1158 SEPARATE WRITTEN OPINION JOINED BY IRVING, P.J., AND ISHEE, J. FAIR, J., NOT PARTICIPATING.