ROBERTS, J.,
for the Court:
¶ 1. This appeal involves a review of the Pearl River County Circuit Court’s summary dismissal of Alphonso Jones’s motion for post-conviction relief (PCR). In his PCR motion, Jones claimed the circuit court illegally sentenced him when it partially revoked his original sentence to a term of post-release supervision. The circuit court sentenced Jones to two years in the Intensive Supervision Program (ISP), colloquially known as “house arrest.” The circuit court further ordered that the remainder of Jones’s sentence would be on post-release supervision if Jones successfully served two years in the ISP. Conversely, Jones would have to serve the remainder of his sentence in the custody of the Mississippi Department of Corrections (MDOC) if he violated any of the terms and conditions of the ISP. Essentially, the circuit court attempted to automatically revoke Jones’s term of post-release supervision if the MDOC reclassified Jones from the ISP to traditional custody status. After careful consideration, we conclude that the circuit court committed reversible error when it summarily dismissed Jones’s PCR motion, because the circuit court’s sentencing order cannot operate within the bounds of Mississippi law. Specifically, the circuit court does not have the authority to revoke Jones’s post-release supervision while Jones is an “inmate” in the exclusive custody of the MDOC. Consequently, we reverse the judgment of the circuit court and render judgment for Jones.
FACTS AND PROCEDURAL HISTORY
¶ 2. In the immediate aftermath of Hurricane Katrina, Jones took merchandise from a Pearl River County business known as “the Roadrunner.” A bill of information charged Jones with looting. In May *1256 2006, Jones pled guilty. The circuit court sentenced Jones to fifteen years in the custody of the Mississippi Department of Corrections (MDOC).[1] However, the circuit court required that Jones only serve six months in MDOC custody.[2] The circuit court ordered that Jones serve the remaining fourteen years and six months of his sentence on post-release supervision under Mississippi Code Annotated section 47-7-34 (Rev.2004).[3] Because the circuit court gave Jones credit for the time that he had served in jail prior to pleading guilty, he was released from custody to begin serving his term of post-release supervision on the same day he pled guilty.
¶ 3. While Jones was on post-release supervision, he failed to report to his MDOC field officer. Consequently, the MDOC field officer filed an affidavit and requested that the circuit court revoke Jones’s post-release supervision. On April 22, 2009, Jones waived his right to a revocation hearing. Two days later, the circuit court revoked a portion of Jones’s post-release supervision. Specifically, the circuit court’s order of revocation of post-release supervision stated:
IT, THEREFORE, IS ORDERED AND ADJUDGED that the post-release [supervision] of [Jones] ought to be revoked[,] and it is hereby revoked.... [Jones] is hereby remanded into the custody of the Sheriff to await transportation to the [MDOC].
It is the sentence of the [c]ourt that the [p]ost-[r]elease [supervision of ... Jones is hereby revoked for a period of 2 years, and [the] revocation will be served under [t]he [ISP]. Upon completion of the [ISP] ... Jones will be released to finish the remainder of his sentence on [p]ost-[r]elease supervision. If ... Jones violates any terms or conditions of the [ISP] ... then ... Jones will be remanded into the custody of [t]he [MDOC] to finish the remainder of his sentence.
¶ 4. Sometime later, Jones violated the conditions of the ISP. Jones does not dispute that violation. The MDOC classification committee reclassified Jones, removed him from the ISP, and placed him in general custody. Under the language of the sentencing order, the MDOC concluded that Jones must serve the remaining fourteen years and six months of his sentence, Jones’s maximum discharge date is February 2, 2024.
¶ 5. On October 19, 2010, Jones filed a motion for reconsideration of his sentence. Jones argued that the circuit court had illegally sentenced him because the circuit court could not require that he complete the ISP as a condition of post-release supervision. The circuit court correctly treated Jones’s motion as a PCR motion. However, the circuit court found no merit to Jones’s argument. Accordingly, the circuit court summarily dismissed Jones’s PCR motion. Jones appeals. He does not contest the MDOC’s decision to reclassify him and remove him from the ISP. Instead, Jones challenges the validity of his resulting sentence of fourteen years and six months.
*1257 STANDARD OF REVIEW
¶ 6. A circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief_” Miss.Code Ann. § 99-39-11(2) (Rev.2007). We will affirm the circuit court’s summary dismissal of a PCR motion if, after reviewing the PCR motion de novo, we conclude that the petitioner has failed to “demonstrate ‘a claim procedurally alive substantially showing denial of a state or federal right....’” Ivory v. State, 999 So.2d 420, 424 (¶ 9) (Miss.Ct.App.2008) (quoting Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999)). Because the legality of a sentence is a question of law, a de novo review of Jones’s sentence is required. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
¶ 7. Jones claims the circuit court erred when it summarily dismissed his PCR motion. Jones repeats his argument that the circuit court had illegally sentenced him by making successful participation in the ISP a condition of post-release supervision. Jones’s argument is based on the pre-amendment language of Mississippi Code Annotated section 47-5-1003(4) (Rev.2011). Prior to April 7, 2009, section 47-5-1003(4) provided that a sentencing court “may not require an offender to complete the [ISP] as a condition of ... post-release supervision.” However, effective April 7, 2009, the Mississippi Legislature amended section 47-5-1003(4) to read that a sentencing court “may not require an offender to complete the [ISP] during a term of ... post-release supervision.” The circuit court revoked Jones’s post-release supervision and sentenced Jones on April 24, 2009. Consequently, Jones’s argument that the circuit court illegally required that he complete the ISP as a condition of post-release supervision is moot. However, Jones has argued that his sentence is illegal, and the Mississippi Supreme Court has held that “where the appellant is proceeding pro se, the Court takes that fact into account so that meritorious complaints are not lost because [they are] inartfully drafted.” Ford v. State, 708 So.2d 73, 75-6 (¶ 12) (Miss.1998). “An argument that the sentence violates [the] law, either because it is clearly erroneous or because it is unredeemably ambiguous or incomplete, would be proper under the post-conviction[-]relief procedures.” Burns v. State, 933 So.2d 329, 331 (¶ 8) (Miss.Ct.App.2006).
¶ 8. When the circuit court partially revoked Jones’s post-release supervision, the circuit court sentenced Jones to two years in the ISP. The circuit court further ordered that following Jones’s initial two-year sentence, Jones would then serve the remaining twelve years and six months of his sentence on post-release supervision. Any confusion regarding Jones’s sentence stems from the circuit court’s conditional provision that Jones would have to serve his entire sentence in MDOC custody if he violated the ISP terms.
¶ 9. The conditional aspect of the circuit court’s sentence is logistically in opposition to the law because the circuit court cannot revoke Jones’s remaining term of post-release supervision based on Jones’s violation of the ISP terms. See Smith v. State, 742 So.2d 1146, 1148 (¶ 11) (Miss.1999) (holding that probation and suspension of sentence may not be revoked based solely on a violation or criminal offense that was committed before the offender was actually placed on probation). Similarly, Jones’s post-release supervision cannot be revoked for conduct that occurred before he was actually on post-release supervision.
*1258 ¶ 10. Additionally, the circuit court has no authority over Jones while he is in the ISP. The ISP is an alternative custodial classification; an offender in the ISP is serving time “confined as a prisoner under the jurisdiction of the [MDOC] in the normally-understood [sic] sense of that term.” Lewis v. State, 761 So.2d 922, 923 (¶ 5) (Miss.Ct.App.2000). “In other words, an offender in the ISP is an inmate in the custody of the MDOC who is serving time on house arrest instead of being housed in a MDOC facility.” Ivory, 999 So.2d at 426 (¶ 15). An offender in the ISP is “under the full and complete jurisdiction of the [MDOC].” Miss.Code Ann. § 47-5-1008(3) (Rev.2011); See also Babbitt v. State, 755 So.2d 406, 409 (¶ 14) (Miss.2000) (holding a circuit court lacked jurisdiction to reinstate an offender’s sentence for a violation of the ISP that occurred while the offender was in the ISP). The circuit court could not sentence Jones as an inmate in the ISP and simultaneously sentence him to a concurrent term of post-release supervision. Said differently, Jones cannot be “released” on post-release supervision at the same time that he is an inmate. By way of analogy, a sentencing court could not revoke an offender’s post-release supervision because the MDOC reclassified that offender to a more restrictive custody status based upon that offender having received a Rule Violation Report.
Till. To summarize, the circuit court could not revoke Jones’s post-release supervision for conduct that occurred before Jones was actually on post-release supervision, and Jones could not have been released on post-release supervision until after he had been discharged from MDOC custody. Furthermore, the circuit court has no authority to revoke Jones’s post-release supervision while Jones is in MDOC custody. Consequently, the conditional aspect of the circuit court’s sentence is a nullity. Thus, the circuit court’s sentence must be interpreted as a sentence to two years in MDOC custody, with the remainder of Jones’s original sentence to be served on post-release supervision.[4]
¶ 12. Therefore, we reverse the judgment of the circuit court and render judgment for Jones. Upon his discharge from custody, Jones will begin serving the remainder of his sentence on post-release supervision. If Jones thereafter willfully violates any condition of his post-release supervision, the circuit court may revoke all or part of Jones’s remaining sentence after providing Jones his constitutionally mandated due-process hearing.
¶ 13. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. As set forth in Mississippi Code Annotated section 97-17-65(2) (Rev.2011), the maximum sentence for looting is fifteen years in the custody of the MDOC.

. The circuit court did not "suspend” any portion of Jones's sentence under Mississippi Code Annotated section 47-7-33(1) (Rev. 2004).

.Five years of Jones's post-release supervision was "supervised" or "reporting" post-release supervision, and the remainder was "unsupervised” or "non-reporting” post-release supervision.

. If Jones had to serve his two-year sentence day-for-day, it would have expired on April 24, 2011.