BARNES, J.,
for the Court:
¶ 1. Danny Bufkin was convicted by the Jasper County Circuit Court for possession of precursors with intent to distribute, and he was sentenced as follows:
Bufkin shall be sentenced to serve a term of Twelve (12) years in the direction, supervision and control of the Mississippi Department of Corrections. The defendant is ordered to successfully complete two (2) years in the Intensive Supervision Program as specified by [Mississippi Code Annotated sections] 47-5-1001 through 47-5-1015. Said sentence is conditioned upon the defendant agreeing to and complying with all conditions outlined in this Order and in the Intensive Supervision Agreement as provided by the Mississippi Department of Corrections.
IT IS FURTHER ORDERED AND ADJUDGED that after the defendant is released from the Intensive [Supervision Program of the Mississippi Department of Corrections, the defendant shall be placed on Post-Release Supervision for a period of nine (9) years, five (5) years of which shall be supervised, pursuant to [Mississippi Code Annotated section] 47-7-34 and be subject to the *794 conditions set forth in [Mississippi Code Annotated section] 47-7-35(a)]]).[1]
IT IS FURTHER ORDERED AND ADJUDGED that if the defendant fails to successfully complete the Intensive Supervision Program, the defendant will serve the full twelve (12) year sentence, and said sentence cannot be reduced or suspended[,] and that defendant is required to serve his said sentence without probation or parole.
Bufkin entered the Intensive Supervision Program (ISP) in March 2012. However, one month later, it was determined that Bufkin had violated the terms of the ISP. Specifically, alcohol was found in his home, and he was arrested for driving under the influence (DUI). As a result, the Mississippi Department of Corrections (MDOC) revoked his ISP status, and Bufkin was incarcerated to serve the remainder of his sentence. He is currently an inmate confined at the South Mississippi Correctional Institution in Greene County, Mississippi.
¶ 2. Bufkin appealed his revocation through the MDOC’s Administrative Remedy Program (ARP). The MDOC upheld the revocation, and Bufkin contested the MDOC’s administrative decision with the Greene County Circuit Court on November 2, 2012. A few days later, Bufkin filed a motion for leave to file an amended complaint, requesting an evidentiary hearing and the production of blood tests conducted on Bufkin following his DUI arrest.[2]
¶ 3. On February 4, 2013, Bufkin filed another motion for leave to file an amended complaint, additionally arguing the sentencing court impermissibly provided the MDOC authority to revoke his nine-year “suspended” sentence. On February 12, 2013, the circuit court entered an order upholding the MDOC’s ARP decision; the order did not address the other two issues raised by Bufkin.
¶ 4. Bufkin now appeals the circuit court’s decision regarding the revocation of ISP status, and he reasserts his claim that the MDOC acted outside of its authority in revoking his nine-year suspension and placement on post-release supervision. Finding that the MDOC’s decision to revoke his sentence was not arbitrary or capricious, we affirm in part the Greene County Circuit Court’s order upholding the MDOC’s decision.
¶ 5. Bufkin’s remaining issue regarding the legality of his sentence was not addressed by the circuit court. Since Jasper County, not Greene County, was the sentencing court, Greene County Circuit Court actually has no authority to address the issues relating to Bufkin’s sentence.
¶ 6. However, the State acknowledges:
Even though Bufkin’s Sentencing Order states that no part of the sentence shall be suspended, it can be interpreted that the intent of the circuit court was to suspend nine years of Bufkin’s twelve[-]year sentence. A condition of that suspension and placement on post-release supervision for nine years was for Bufkin to satisfactorily complete the ISP as determined by the circuit court.
Thus, the State admits that “Bufkin’s claim relating to his sentence and return to serve his full term due to revocation of ISP needs further judicial review.” The State asks us to remand the case to Greene County Circuit Court so that it may be transferred to the Jasper County *795 Circuit Court. We do not, however, find that we have the authority to do so.
DISCUSSION
I. Whether Bufkin violated the terms of the ISP.
¶ 7. Bufkin properly pursued an ARP appeal and was unsuccessful before filing his civil complaint in Greene County. See Miss.Code Ann. § 47-5-803 (Rev.2011); Babbitt v. State, 755 So.2d 406, 409-10 (¶¶ 15-16) (Miss.2000). “The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency’s scope or powers; or violative of the constitutional or statutory rights of the aggrieved party.” Griffis v. Miss. Dep’t of Corr., 809 So.2d 779, 782 (¶ 8) (Miss.Ct.App.2002) (citation omitted). We find that the decision of the MDOC was supported by substantial evidence. Bufkin was arrested for DUI, and alcohol was found in his home — a clear violation of the terms of the ISP. Furthermore, the MDOC’s decision was not arbitrary and capricious, was not beyond the MDOC’s powers, and did not violated Bufkin’s statutory or constitutional rights. Therefore, the judgment of the circuit court is affirmed in part.
II. Whether the remainder of Buf-kin’s sentence was impermissibly revoked.
¶ 8. Bufkin also asserts that the MDOC exceeded its authority by revoking his “suspended” sentence. To summarize, Bufkiris sentencing order states: (1) Buf-kin is to serve a twelve-year sentence; (2) the first two years are to be served in the ISP; and (3) if Bufkin successfully completes the ISP, he is to be transferred from the ISP to nine years of post-release supervision. Bufkin argues that since the MDOC did not have the authority to revoke his suspended sentence, he should be released to begin his court-ordered post-release supervision once his two years in custody are completed.
¶ 9. The MDOC has exclusive authority to terminate ISP status without the court-required due process considerations. The MDOC has determined that ISP terms were violated, and the consequence is a transfer from home confinement to custody status. The question is, for how long? This is not a case where the MDOC is misinterpreting the language of a sentencing order, and the failure properly to interpret and execute the order is subject to administrative review. The MDOC is applying the literal language of the order.
¶ 10. The views of this Court have been somewhat conflicted on the type of “conditional” sentence imposed in the present case. In Ivory v. State, 999 So.2d 420 (Miss.Ct.App.2009) (en banc), Annie Ivory was sentenced to fifteen years, with one year to be served in the ISP and, upon successful completion of the ISP, the remaining years to be suspended, with four years to be served under post-release supervision. After violating the terms of the ISP, she was remanded into custody to serve the remainder of her sentence. Id. at 423-24 (¶¶ 4-6). Ivory filed a PCR motion, alleging that after one year, she was being unlawfully held in custody. Id. at 424 (¶ 7). We upheld Ivory’s sentence, but only because the ISP term was one year and the sentencing court had retained jurisdiction for one year to suspend the sentence upon successful completion of the ISP. Id. at 431 (¶ 36). The separate opinion in Ivory agreed with the majority’s findings, with one exception. The separate opinion argued that the sentencing order’s provision that Ivory be placed on post-release supervision without further order by the court violated Mississippi Code Annotated section 47-5-1003 (Supp. *796 2008). Ivory, 999 So.2d at 432 (¶ 40) (Chandler, J., concurring in part, dissenting in part). The statute stated that the ISP cannot be a condition of post-release supervision. However, this statute has since been revised to state that a circuit court cannot impose the ISP during a term of post-release supervision. See Miss.Code Ann. § 47-5-1003(4) (Rev.2011).
¶ 11. This statutory amendment was addressed in Jones v. State, 97 So.3d 1254, 1258 (¶ 11) (Miss.Ct.App.2012), where this Court held that the circuit court could not legally impose this type of conditional sentence and that “the conditional aspect of the circuit court’s sentence [was] a nullity.” We ruled that the prisoner was to serve the revoked ISP term in the custody of the MDOC and then be released to “begin serving the remainder of his post-release supervision.” Id. at (¶ 12). If the defendant thereafter violated his post-release supervision terms, the sentencing court could then decide whether to revoke all or part of his remaining sentence after a “constitutionally mandated due-process hearing.” Id.
¶ 12. In Johnson v. State, 77 So.3d 1152, 1153 (¶ 2) (Miss.Ct.App.2012) (en banc), the trial court sentenced Eldridge Johnson to ten years in the custody of the MDOC, with two years to be served in the ISP and, upon successful completion of the ISP, the remaining eight years to be suspended. The majority interpreted the sentencing order to suspend eight years of the ten-year sentence, with a condition of the suspension to be the satisfactory completion of the ISP as determined by the circuit court. Id. at 1157 (¶ 18). The Court held that at the conclusion of the two-year period (whether served in the ISP or in custody after revocation by the MDOC), the circuit court would have to afford Johnson a revocation hearing to determine whether he had violated a condition of the eight-year suspended portion of his sentence. Id. at (¶ 19). The dissent in Johnson, however, asserted that Johnson was sentenced to ten years, and that due to Johnson’s failure to complete the ISP, his suspended sentence never came into being. Id. at 1158 (¶ 22) (Barnes, J., dissenting). Thus, he was not constitutionally entitled to a revocation hearing, and the sentence was not “impermissibly indeterminate.” Id. at (¶ 21).
¶ 13. In the present case, however, the State has conceded that “it can be interpreted that the intent of the circuit court was to suspend nine years of Bufkin’s twelve[-]year sentence.” The State also notes: “Bufkin did not go before the circuit court for a revocation hearing to determine if he should serve the remainder of his implicitly suspended sentence.” Thus, the State acknowledges that “the issue of Bufkin’s sentence duration requires further judicial review” by the appropriate circuit court.
¶ 14. We cannot, however, reverse and remand this matter to the circuit court “so the circuit court or the State, if it so chooses, may initiate proper proceedings for the revocation of ... [the] suspended sentence,” as we did in Johnson. Id. at 1157 (¶ 19) (majority opinion). In each case discussed, Johnson, Jones, and Ivory, a decision of the sentencing court on a PCR motion was appealed. In Graham v. State, 85 So.3d 847, 850 (¶ 4) (Miss.2012), the Mississippi Supreme Court held that the sentencing court has original and exclusive jurisdiction to consider the legality of a sentence in a PCR proceeding.[3] Buf-kin, on the other hand, is appealing an order of a non-sentencing court, as the *797 case came up through the ARP process and was appealed to the Circuit Court of Greene County, the place of Bufkin’s incarceration.
¶ 15. Both Bufkin and the State have requested that this Court remand this issue to the Greene County Circuit Court, for transfer of the action to the appropriate sentencing court, Jasper County Circuit Court. However, in Chandler v. Mississippi Department of Corrections, 133 So.3d 817, 817 (¶ 1) (Miss.2014) (en banc), the supreme court recently reiterated that only the sentencing court has “exclusive, original jurisdiction to hear and determine” a petitioner’s motion for PCR and that the proper disposition is to vacate the court’s order without prejudice to the petitioner’s “right to file his motion in the proper court.” Therefore, we vacate in part without prejudice. Should Bufkin wish to file a motion for post-conviction relief, asserting that the non-suspended portion of his sentence has expired, or should the State wish to pursue the revocation of Bufkin’s suspended sentence, either may do so in the proper court.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS AFFIRMED IN PART, AND VACATED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, MAXWELL AND FAIR, JJ„ CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J. NOT PARTICIPATING.

. It is not clear why the court chose nine, rather than ten, years of post-release supervision.

. This motion became the subject of a motion for a writ of mandamus, which we address separately from this opinion.

. Graham also concerned the effect of the prisoner’s failure to satisfy the terms of the ISP, which was a condition of his suspended sentence.