KITCHENS, Justice,
for the Court:
¶ 1. The motion for rehearing is granted. The original opinions are withdrawn, and these opinions are substituted therefor.
¶ 2. Frank Tipton was wrongfully convicted of extortion and was sentenced to one year in prison and two years of house arrest in Mississippi’s Intensive Supervision Program (ISP). After his conviction *83 and sentence were vacated by this Court,[1] Tipton brought this civil action seeking compensation for the 300 days he served in prison and the two years he served under house arrest in the ISP. The State has agreed that Tipton is entitled to compensation for the 300 days spent in prison, but argues that the time he spent in the ISP is not compensable. We find that an inmate who serves time under house arrest in the ISP and later is determined to have been wrongfully convicted is entitled to compensation for that time under our wrongful conviction compensation statutes.

FACTS AND PROCEDURAL HISTORY

¶ 3. Frank Tipton was convicted of extortion under Mississippi Code Section 97-11-33.[2] Tipton’s circuit court sentencing order required him to spend one year in a Mississippi Department of Corrections (MDOC) prison facility and two years in the ISP house arrest program. The remainder of his sentence was suspended followed by two years of post-release supervision. Due to his trusty status, Tipton was released from the prison facility with sixty days deducted from his original sentence.
¶ 4. Following the ISP guidelines for house arrest, Tipton was required to establish a residence approved by his correctional officer, pay monthly fees, submit to inspection of his residence, and submit to testing for drugs and alcohol at the field officer’s discretion. See Miss.Code Ann. § 47-5-1013 (Rev. 2011). While under house arrest, Tipton was confined to his home unless attending work, school, community service, or given explicit permission by his correctional field officer. See Miss.Code Ann. § 47-5-1013(d) (Rev. 2011). Had Tipton failed to complete the ISP house arrest program to the satisfaction of his field officer, he would have been returned to an MDOC prison facility.[3] See Miss.Code Ann. § 47-5-1003 (Rev. 2011).
¶ 5. While serving his sentence, Tipton appealed his conviction. This Court reversed and vacated Tipton’s conviction, holding that he was not guilty of the crime for which he had been convicted. Tipton v. State, 41 So.3d 679, 682-83 (¶ 14) (Miss.2010). Tipton filed a civil complaint for compensation under Mississippi Code Section 11-44-3 for his time served in the MDOC prison facility and under house arrest in the ISP.[4] The State made an offer of judgment in the amount of $41,666 for the time Tipton had served in the MDOC prison facility, which he rejected. Tipton argued that he was entitled to $141,666, which included $100,000 for the time he had served in the ISP. After hearing motions for summary judgment from both parties, the trial court rejected Tipton’s compensation claim for his time served *84 under house arrest in the ISP and granted the State’s motion for summary judgment, which Tipton appeals.

ANALYSIS

¶6. The decision of a circuit court to grant or deny a summary judgment is reviewed, de novo. Poppenheimer v. Estate of Coyle, 98 So.3d 1059,1062 (¶7) (Miss.2012) (citing Whitaker v. Limeco Corp., 32 So.3d 429, 433-34 (¶10) (Miss.2010)). Statutory interpretation is a question of law subject to de novo review. Arceo v. Tolliver, 19 So.3d 67, 70 (¶ 9) (Miss.2009). The State argues that Tipton should be compensated for the 300 days that he served in the prison facility operated by the MDOC, and that his confinement under house arrest in the ISP should not be compensable. Tipton contends that he should be compensated for his full sentence, which included the 300 days spent in a MDOC prison facility, and in addition, the two years that he spent under house arrest in the ISP.
¶ 7. We must determine whether a person wrongfully confined under house arrest in the ISP is “imprisoned” such that he or she may be compensated under Mississippi’s wrongful conviction compensation statutes. This is a question of law. This Court does not engage in statutory interpretation if a statute is plain and unambiguous. Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Mississippi Div. of Medicaid, 21 So.3d 600, 607 (¶ 18) (Miss.2009); (citing In re Guardianship of Duckett, 991 So.2d 1165, 1181 (Miss.2008)). However, statutory interpretation is appropriate if a statute is ambiguous or is silent on a specific issue. Methodist Hosp., 21 So.3d at 607 (¶ 18). The ultimate goal of the Court is to determine legislative intent. Id. (citing Allred v. Yarborough, 843 So.2d 727, 729 (Miss.2003)). This Court consistently has held that if a statute is ambiguous, the Court must “carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case.” Caldwell v. N. Miss. Med. Ctr., 956 So.2d 888, 891 (¶ 10) (Miss.2007) (quoting Pope v. Brock, 912 So.2d 935, 937 (Miss. 2005)). In establishing the meaning of an ambiguous statute, this Court also may look to the historical background, its subject matter, and the purposes and objects to be accomplished. In re Guardianship of Duckett, 991 So.2d at 1182 (¶ 37).
¶ 8. The question of whether a wrongfully convicted inmate who served time in the ISP is entitled to compensation is an issue of first impression for this Court. To be eligible for compensation, a claimant must have (1) been charged with a felony; (2) been sentenced; (3) served either the full or a partial amount of that sentence; (4) and been released on grounds not inconsistent with innocence. Miss. Code Ann. § 11-44-3 (Rev. 2012). To be awarded compensation, Tipton must prove, by a preponderance of the evidence: (1) that he was convicted of one or more felonies and sentenced to a period of imprisonment which he has served in full or in part; (2) and that his judgment of conviction was reversed or vacated. Miss.Code Ann. § 11-44-7 (Rev. 2012). Tipton clearly has satisfied all of the requirements of compensation with one possible exception: whether he was sentenced “to a period of imprisonment” while under house arrest. Accordingly, the success of his claim turns on the interpretation of what it means to be subjected to a period of imprisonment, and whether someone under house arrest can be said to have been imprisoned during that period.
¶ 9. The purpose of the compensation statutes is to compensate innocent persons who have been uniquely victimized because they were wrongly convicted of felonies *85 and subsequently imprisoned. Miss.Code Ann. § 11^14-1 (Rev. 2012). The definition of “imprisonment” is not limited to addressing only imprisonment in “brick and mortar” prisons. Webster’s Dictionary defines “imprison” as “to confine in or as if in 'prison.” Webster Random House Dictionary 963 (2001) (emphasis added). Black’s Law Dictionary defines “imprisonment” as “[t]he act of confining a person, esp. in a prison,” or “[t]he state of being confined; a period of confinement.” Black’s Law Dictionary 825 (9th ed. 2009). Accordingly, imprisonment may occur in an actual prison, but it also can include a state of confinement, which can occur anywhere and vary widely in degree. Indeed, this Court has long recognized that false imprisonment, compensable in tort, can occur in places as innocuous as a secondhand store,[5] a casino,[6] or even a field.[7] So long as a person is confined “within boundaries fixed by the defendant,” that person is subject to imprisonment for the purposes of a false imprisonment claim. State for Use of Powell v. Moore, 252 Miss. 471, 478, 174 So.2d 352, 355 (1965) (quoting Prosser, The Law of Torts § 12 (3d ed. 1964)). The Legislature has recognized that false imprisonment can occur in settings outside of a prison, as it has specifically provided immunity from such a claim to store owners who detain customers whom they suspect of shoplifting. See Miss.Code Ann. § 97-23-95 (Rev. 2014). There was never a requirement in any of these civil cases that the imprisonment occur in an actual prison. Throughout our State’s history, if a person was confined within boundaries fixed by another party, that person has been considered to have been imprisoned.
¶ 10. To receive compensation, Tipton was required to show that he was “sentenced to a term of imprisonment.” Since “imprisonment” can mean confinement, and is not specific to being placed in an actual prison, we must look beyond the plain language of the statute to determine whether house arrest should be deemed “imprisonment” for the purposes of compensation. While this is an issue of first impression, there is Mississippi case law interpreting the status of inmates in the ISP as it relates to the MDOC’s classification of those inmates.
¶ 11. Although the ISP is called an “alternative to incarceration,” inmates in that program are under the complete jurisdiction of the MDOC. Miss.Code Ann. § 47-5-1003(3) (Rev. 2011). The Mississippi Court of Appeals has found that an inmate “participating in the house arrest program or serving time as an inmate in the general prison population was confined as a prisoner under the jurisdiction of the Mississippi Department of Corrections in the normally understood sense of that term.” Lewis v. State, 761 So.2d 922, 923 (¶ 5) (Miss.Ct.App.2000) (emphasis added). The Court of Appeals consistently has sided with the State’s argument that the removal of an inmate from the ISP to a prison facility involves no liberty interest, and instead is merely a “change in ... *86 housing assignment and classification, which does not require a hearing since it does not involve a liberty interest.” Brown v. Miss. Dep’t of Corr., 906 So.2d 833, 835 (¶ 6) (Miss.Ct.App.2004), overruled on other grounds by Johnson v. State, 77 So.3d 1152, 1155 (¶ 10) (Miss.Ct. App.2012). Furthermore, the Court of Appeals defines house arrest as “an alternative form of confinement.” Ivory v. State, 999 So.2d at 420, 425 (¶ 11) (Miss.Ct.App. 2008) (citing Lewis, 761 So.2d at 923 (¶ 4)) (emphasis added). The statute establishing the ISP defines “house arrest” as “the confinement of a person convicted or charged with a crime to his place of residence under the terms and conditions established by the department or court.” Miss.Code Ann. § 47-5-1001 (Rev. 2011) (emphasis added). Imprisonment can mean confinement. The trial judge in Ivory best characterized the ISP by instructing the defendant to think of the ISP as “being in the penitentiary except sleeping at home.” Ivory, 999 So.2d at 423 (¶3).
¶ 12. There is some precedent to the opposite effect, however. Ironically, it-comes from this Court’s decision in Tip-ton’s criminal appeal. There, this Court stated that the ISP is an alternative to incarceration, and therefore it is not incarceration. Tipton, 41 So.3d at 680 (¶ 1). The State argues that, if house arrest under the ISP is not incarceration, time in the ISP should not be compensable. However, Tipton’s criminal appeal confronted an entirely different issue than the civil suit now before us. That case involved whether Tipton technically was guilty of the crime of extortion, whereas here we are determining whether the State is civilly liable for the time Tipton spent as an inmate in the ISP. In Tipton’s extortion case, the statute under which he was wrongfully convicted and sentenced was reviewed under the “bedrock law in Mississippi that criminal statutes are to be strictly construed against the State and liberally in favor of the accused.” Id. at 682 (¶ 11) (quoting Coleman v. State, 947 So.2d 878, 881 (Miss.2006)). The Tipton criminal appeal does not control this case because it did not analyze the status of a person enrolled in a house arrest program, nor did it determine whether that status was equivalent to “imprisonment” to make such a person eligible for compensation if wrongfully convicted.
¶ 13. The several Court of Appeals cases analyzing ISP inmates’ status relative to the MDOC more aptly conform to the case before us. The statutory scheme of the ISP as well as several Court of Appeals decisions indicate that the purpose of the ISP is to confine inmates who are under the complete jurisdiction of the ISP. The State consistently ’ has argued that prisoners in the ISP are, for all intents and purposes, prisoners with the same liberty interests as those in actual prisons. House arrest required Tipton to submit completely to the MDOC, giving the State access to his home and his body; and he- was required to forego several significant constitutional rights enjoyed by free Americans. Further, our judicial history regarding the treatment of false imprisonment claims makes it abundantly clear that an imprisonment may occur outside of the walls of a prison. We find that the confinement that inmates experience in the ISP constitutes “imprisonment” under Mississippi’s wrongful conviction compensation statutes. Inmates who have served time in the ISP are entitled to compensation for that time if they were wrongfully convicted.

CONCLUSION

¶ 14. We find that a person who serves time in Mississippi’s Intensive Supervision Program (ISP) is entitled to compensation *87 if wrongfully convicted. Tipton was wrongfully convicted, and he was sentenced to serve time in the Mississippi Department of Corrections and ISP. Mississippi Code Section 11-44-3 permits compensation for wrongful conviction and imprisonment. Until now, the MDOC and the State of Mississippi saw no difference between serving time under house arrest and serving time in prison. Tipton’s liberties were severely restricted while he was in the ISP, and his status as a prisoner in the MDOC did not change while under house arrest. We find that he is entitled to compensation under Mississippi Code Section 11-44-3 for his time served in the ISP. Accordingly, we reverse the trial court’s grant of summary judgment in favor of the State and render judgment in favor of Tipton.
¶ 15. REVERSED AND RENDERED.
WALLER, C.J., DICKINSON, P.J., CHANDLER AND KING, JJ., CONCUR. COLEMAN, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., LAMAR AND PIERCE, JJ.

. Tipton v. State, 41 So.3d 679, 680 (Miss. 2010).

. "If any .... employee of any contractor providing incarceration services or any other officer, shall knowingly demand, take or collect, under color of his office, any money fee or reward whatever, not authorized by law, ... such officer, so offending, shall be guilty of extortion, and ... punished by fine not exceeding Five Thousand Dollars ($5,000.00), or imprisonment for not more than five (5) years, or both, and shall be removed from office.” Miss.Code Ann. § 97-11-33 (Rev. 2014).

. In fact, the MDOC had the authority to remove Tipton from house arrest and place him back into a prison facility without holding any type of hearing whatsoever. See Brown v. Miss. Dep’t of Con., 906 So.2d 833, 835 (¶ 6) (Miss.Ct.App.2004), overruled on other grounds by Johnson v. State, 77 So.3d 1152, 1155 (¶ 10) (Miss.Ct.App.2012).

. Mississippi Code Sections 11-44-1 to 11-44-7 work together to create a compensation scheme for claimants who have been wrongfully imprisoned.

. Turner v. Hudson Salvage, Inc., 709 So.2d 425, 429 (¶ 20) (Miss.1998) (holding that a second-hand store was not immune from a suit for false detention when it held a customer in the manager’s office for questioning after a security guard already had determined that the customer did not shoplift).

. Alpha Gulf Coast, Inc. v. Jackson, 801 So.2d 709, 720 (¶¶ 28-31) (Miss.2001) (holding that a plaintiff could be falsely imprisoned when he was "detained by the casino employees," handcuffed, and held in a security office).

.Whitten v. Cox, 799 So.2d 1, 9 (¶ 12) (Miss. 2000) (holding that evidence was sufficient to support a false imprisonment claim where the defendant held the plaintiffs at gunpoint and placed them under citizen's arrest).